VILLAGE OF GILMAN, Appellant, vs. NORTHERN STATES
POWER COMPANY and others, Respondents.

*December 7, 1942—January 12, 1943.*

131

**132**

For the appellant there was a brief by *Stafford & Stafford* of Chippewa Falls, and oral argument by *Harold E. Stafford.*

For the respondent Northern States Power Company there was a brief by *Ramsdell, King & Linderman* of Eau Claire, and oral argument by *George Y. King.*

For the respondents State Annuity & Investment Board and Albert Trathen there was a brief by the *Attorney General* and *J. R. Wedlake,* assistant attorney general, and oral argument by *Mr. Wedlake.*

FOWLER, J. The plaintiff sues the defendant utility company, hereinafter referred to as the "company," for the alternate relief, either to recover $15,000 as paid by it to the company pursuant to the original agreement stated in the foregoing statement of facts, on the ground that the agreement was void, or to have the reconveyance of the distributing system by the village to the company vacated on the ground of want of consideration and the ownership of the distributing

system adjudged in the village. The complaint also asks that the unpaid portion of the bonds be declared void as illegally issued. The Annuity Board by cross complaint against the village asks recovery of the interest due on the bonds still held by it and recovery of the principal of such unpaid bonds as are now due.

The company claims that the original contract between it and the village was valid, and that no wrong was committed by the means taken to secure the approval of the issuance of the bonds by the attorney general to effectuate the carrying out of the original agreement. The defendant also claims that statutes of limitation have run against both the alternative causes of action pleaded. The Annuity Board claims that the bonds are valid, and that statutes of limitation have run against action to invalidate them. The village claims that statutes of limitation do not run against the village.

As to the defenses against the action we shall only discuss in detail the statutes of limitation, as our holding as to them disposes of the case. As to the plaintiff's grounds of action we will only say generally that both the original contract and all subsequent acts were entered into and done in entire good faith to accomplish the lawful public purpose of supplying the village and its inhabitants with electrical service; that such purpose has been accomplished and neither the village nor its inhabitants have sustained any injury by reason of the roundabout practice followed to secure that service. Every step taken was taken advisedly by the village authorities and by the village electors who voted almost unanimously affirming every step taken. The attorney general's department and the railroad commission were at the time fully informed as to the facts in connection with the reconveyance, and tacitly if not expressly approved it. Some $7,500 of the $15,000 paid by the village to the company was paid back to the village from the receipts by the company from rural subscribers. The whole sum might well have been returned from such

receipts during the five-year period from existing appearances at the time the original contract and the reconveyance were executed. The claim of want of consideration for the reconveyance thus falls. If the $15,000 payment, or rather the $7,500 thereof not repaid, affects the rate base on which service rates are fixed, that matter is open to readjustment by the public service commission on application by the village or any subscriber claimed to be injured by exaction of an unreasonable rate for service.

As to the statutes of limitation, the brief of the village merely says that as a general rule statutes of limitation do not apply to a state or its subdivisions and that there is no statute of limitations applicable to the situation. Sec. 330.18, Stats., provides that actions shall be brought "Within ten years : . . . (6) Any action in favor of the state when no other limitation is prescribed in this chapter [ch. 330]. . . ." This expressly refutes the claim that no statute of limitation applies to the state and implies that a cause of action in favor of the state that falls within any of the general classes covered by the limitation statutes is governed by the limitation of that class. This implication follows from the history of sub. (6) above quoted. Ch. 79, Laws of 1931, provides that sub. (6) of sec. 330.18 is created; that sec. 330.28 is repealed, and that secs. 330.10 and 330.19 (4) are amended. A note in the bill enacted by ch. 79 states that sub. (6) of 330.18 is taken from sec. 330.28, Stats. 1929. Sec. 330.28, Stats. 1929, that was sec. 4229, Stats. 1898, is treated in *State v. Chicago & N. W. R. Co.* 132 Wis. 345, 112 N. W. 515, and *State v. Milwaukee,* 152 Wis. 228, 138 N. W. 1006. These cases hold that under sec. 4229, the general six-year statute of limitation, sec. 4222, Stats. 1898, numbered sec. 330.19, Stats. 1929, and now as amended is numbered sec. 330.19, Stats. 1941, applied to the state. It was manifestly not intended by ch. 79, Laws of 1931, to change the existing law that the general six-year statute of limitation of actions to

recover money applied to the state, and manifestly was intended by enactment of that act to provide that the general limitation statutes fixed by the act should apply to the state and that a ten-year limitation was created to cover any case by the state not falling within the general limitation statutes or any special statute. As an action such as the instant one would be barred if brought by the state, it is also barred by a subdivision of the state, as exemption to the state under the general rule relied on by the village would be the only possible reason for exempting the village. The $15,000 was paid to the company on May 3, 1926. The action was commenced April 1, 1941. It follows that the action of the village to recover the $15,000 paid to the company, or the $7,500 of it not returned by the company to the village by turning over the $200 paid to the company by each rural subscriber, is barred by the general six-year statute of limitation.

The village claims that the limitation of its action to recover money may be brought within twenty years because the original contract was under seal. If the action were brought to recover on that contract this might be under sec. 330.16 (2), Stats. But the action is not an action "upon a sealed instrument." To be "upon" such instrument it must be brought to recover upon the terms of such instrument. Obviously the instant action is not such.

The next claim is that the action is to recover real estate. To this the defendant raises two objections: (1) The distribution system is personal property; and (2) if real estate, the action is barred by adverse possession under a deed of conveyance for over ten years under sec. 330.10, Stats. The company's claim (2) manifestly must be sustained if its claim (1) is not, as the conveyance from the village was executed May 3, 1926, and the company has ever since been in adverse possession of the system. But we are unable to perceive that real estate is involved. The distribution system within the village consists merely of poles and the wires strung thereon

and transformers. All the village ever granted to the company, upon any theory, was the right to erect these along and upon its streets. The poles and wires could become real estate upon no theory but that they are appurtenant as fixtures to land, and the village owns no land and never owned any to which they are appurtenant. Besides the conveyances used to transfer the distributing system to and from the village were bills of sale purporting to convey the system as "goods, chattels and personal property." Even "fixtures" are not real estate when understood by the parties involved to be personal property.

As to the bonds, the action as to them is to have them declared void and canceled. Having been issued for a proper public purpose, to procure for the village and its inhabitants and rural customers electrical service, they are not subject to any constitutional objections. They could only be attacked ' for irregularities in the proceedings for their issuance. The bonds having been approved by the attorney general, such attack could only be brought within thirty days after the recording of the attorney general's certificate of validity in the office of the village clerk. Such certificate was so filed April 17, 1926. Secs. 330.23, 14.53. (5a), 67.02 (3), Stats. If not so barred any action to cancel them and declare them void would be barred by sec. 330.18, sub. (4) or (6). The Annuity Board was entitled to judgment on its counterclaim as rendered by the circuit court.

*By the Court.*—The judgment of the circuit court is affirmed.

BARLOW, J., took no part.