Estate of Heller: State Department of Public Welfare, Appellant, vs. Willard, Administratrix, Respondent.*

*January 16—February 13, 1945.*

* Motion for rehearing denied, without costs, on May 15, 1945.

The cause was submitted for the appellant on the brief of *Blaine M. Linke,* collection and deportation counsel, and *Ralph C. Hartman,* law examiner, and for the respondent on the brief of *W. S. Swenson* of Menomonie.

ROSENBERRY, C. J.   Two questions are involved upon this appeal : (1) Is that part of the claim of the State Department of Public Welfare from June 16, 1919, to December 24, 1931, barred by the statute of limitations? (2) Is the collection and deportation counsel required under the provisions of sec. 46.10 (8), Stats., to give due regard to sisters and nieces as lawful dependents?

(1) The first contention raises a question of law which this court has not considered in any prior case.   During the period from June 16, 1919, to December 24, 1931, sec. 46.10 (7), Stats., the statute giving the state a right to recover the cost of maintenance of an inmate in any state institution, any county institution in which the state was chargeable for the in-

mate's maintenance, and giving it a right of action therefor, contained the following language:

"In any such action or proceedings the statutes of limitation shall not be pleaded in defense."

There was applicable at that time to the claim of the state, sec. 330.18 (6), Stats., which provided a ten-year period of limitation upon "any action in favor of the state when no other limitation is prescribed in this chapter."

The effect of the enactment of sec. 46.10 (7), Stats., prior to its amendment in 1941 was to create a disability on the part of the estate to plead the statute of limitations. The statute of limitations itself was not amended or changed in any way. It is the contention of the department that that part of its claim covering the period from 1919 to 1931 having accrued while the disability was in force, the statutes of limitation cannot now be pleaded on behalf of the estate although the disability has been removed. It is contended that to give the statute any other effect would make it retroactive. The department bases its contention in part upon sec. 370.06, Stats., being the chapter relating to construction of statutes. That section relates to repeal or change of time limiting the time for bringing actions. That does not affect this case because the statute of limitation has not been changed or repealed. The amendment of 1941 operates to remove disability on the part of a limited class of persons in a particular class of actions. The disability being removed, the statute may be pleaded on behalf of the estate of the deceased just as if the disability had never existed. The question of retroactivity of statutes does not arise under the facts of this case.

(2) This proceeding was begun by the filing of a claim by the department on May 6, 1942. At that time and at the

time of the death of the deceased, sec. 46.10 (8), Stats., read, in part, as follows:

"The state board of control shall appoint an attorney at law, to be known as the 'collection and deportation counsel,' who shall make all reasonable and proper efforts, but shall give due regard in all cases to others who may be lawfully dependent upon such property for support, to recover the cost of maintenance furnished inmates. [Exception immaterial]."

This part of sub. (8) was amended in 1943 to read as follows:

"The state board of control shall appoint an attorney at law, to be known as the 'collection and deportation counsel,' who shall make all reasonable and proper efforts, but shall give due regard to the case and to a widow, husband or minor children who may be lawfully dependent upon such property for support," etc.

The department contends that the 1943 statute applies while the administratrix contends that the 1941 statute applies. We do not find it necessary to decide this question for the reason that, upon the showing made, the sisters and nieces were not lawfully dependent upon the deceased for support under the 1941 or 1943 statutes. Jessie H. Rogers, living in Alhambra, California, a sister, filed an unsworn statement dated June 15, 1942, that she was sixty-nine years of age, not physically strong enough to perform labor, or render services, of sufficient importance to provide more than scanty support, and has estate of little value and uncertain revenue. Blanche H. Willard, living in Salem, Oregon, a sister, filed an unsworn statement to the effect that she was ——— years of age, not physically strong enough to perform labor, or render services, of sufficient importance to provide more than scanty support, and has no estate of moment, or value. Gladys F. Pierce, residing in Santa Barbara, California, filed a like unsworn state-

ment to the effect that she was a daughter of a deceased sister and fifty-one years of age, not physically strong enough to perform labor, or render services, of sufficient importance to provide more than scanty support, and has no estate of moment or value.

Each of these parties requested a hearing which was denied, but if at the hearing they had proven all of the allegations made they would not have brought themselves within the provisions of sub. (8), Stats. 1941. It does not appear that they were ever a member of the family of deceased, that they ever received any support from him, or that he was in any way obligated to support them, or that they have any lawful claim upon him for support. While the deportation counsel applied the statute as amended in 1943, the result must have been the same if he had applied the statute as it stood in 1941.

*By the Court.*—Upon the appeal and motion to review, the judgment is affirmed.

The following opinion was filed May 15, 1945:

ROSENBERRY, C. J. (*on motion for rehearing*). The claimant contends that the court was in error in holding that that part of its claim covering the period from 1919 to 1931 was barred by the statute of limitations. Claimant further contends that in so holding we reversed the case of *Estate of Tinker* (1938), 227 Wis. 519, 279 N. W. 83. In holding as we did originally that that clause of sec. 46.10 (7) providing that the statutes of limitation should not be pleaded in an action by the state to recover the cost of maintenance from inmates or their estates merely created a disability on the part of the estate of the deceased to plead the statute of limitations, we overlooked the fact that had an action been begun by the state at any time prior to the enactment of ch. 67, Laws of 1941, to recover amounts theretofore accrued, the state's claim would have been valid and enforceable. It was not within the com-

petency of the legislature to cut off the right of the state without providing for a reasonable time in which such actions might be begun. *Osborn v. Jaines,* 17 Wis. *573. See 34 Am. Jur. p. 33, sec. 28, and cases cited.

While in terms the amendment of 1941 creates a disability, its legal effect is to restore the limitation on claims in favor of the state against estates of incompetent inmates. In the *Estate of Tinker, supra,* we held that a statute which indefinitely extended the period of limitations was a statute of limitations, it is therefore more logical to hold that a statute which restores the limitations is likewise a statute of limitations and we so hold. While the legislature may extend the period of limitation in cases where it has not matured, it cannot cut off a claim completely.

The result in this case is that the state has a right of recovery for the entire period from 1919 forward.

*By the Court.*—The former mandate is vacated. Upon the appeal of the claimant, the judgment is reversed with directions to enter judgment for claimant for the amount of its amended claim. On respondent's motion to review, that part of the judgment sought to be reviewed is affirmed. No costs to be taxed on motion for rehearing.