DEROUIN, Appellant, vs. STATE DEPARTMENT OF PUBLIC WELFARE, Respondent.

*November 6—December 2, 1952.*

The cause was submitted for the appellant on the brief of *Strehlow & Cranston,* attorneys, and *Max H. Strehlow* of counsel, all of Green Bay, and for the respondent on the brief of *Frank P. Fosgate,* collection and deportation counsel, and *Charles C. Lubcke* and *Clarence Simon,* all of Madison.

BROADFOOT, J.   By way of objection to the proceedings the appellant contends:

(1) There is no liability either at common law or otherwise upon the father of a mentally deficient minor child for the maintenance of such child in a public institution, except as such liability flows from sec. 46.10, Stats., and as that section is in derogation of the common law it must be construed strictly in favor of the father;

(2) Said sec. 46.10, Stats., creates no fixed and absolute liability of the parent for maintenance of his minor child in a public institution;

(3) Said sec. 46.10, Stats., is purely prospective in its effect, and the father's liability cannot be made to cover such maintenance furnished prior to the order fixing the liability;

(4) By waiting eight years before commencing a proceeding the Department of Public Welfare waived payment for such maintenance; and

(5) The order of the county court violates the legal limitation of the father's liability.

The first contention of the appellant is correct. *State Department of Public Welfare v. Shirley,* 243 Wis. 276,

10 N. W. (2d) 215; *Estate of Cameron,* 249 Wis. 531, 25 N. W. (2d) 504.

Contentions (2), (3), and (4) will be discussed together. In the two cases above referred to there is a careful analysis of the law of this state creating liability on the part of relatives for the maintenance of inmates in certain public institutions. Sec. 46.10 (7), Stats., created by ch. 336, Laws of 1935, provided in substance that such cost of maintenance "may be recovered" by the State Board of Control, now the State Department of Public Welfare. In the *Shirley Case, supra,* the action was brought against the parents of an inmate of the Northern Wisconsin Colony and Training School based upon common-law liability. The order of the trial court sustaining a demurrer to the complaint was affirmed by this court for the reason that the plaintiff had no right to maintain such an action at common law. However, in the review of legislation pertinent to the subject it was stated that sec. 46.10 (7) was a procedural section and did not create liability. That decision was handed down on June 16, 1943, while the legislature was in session. The legislature then amended said section by ch. 548, Laws of 1943, and added thereto the following language:

"The legislature intends, and so intended at the time this subsection was enacted by chapter 336, Laws of 1935, to impose, exclusively by this subsection and no other, a liability for care in those institutions to which this subsection has application, upon the person receiving such care, upon his estate, and upon the relatives named herein and upon their estates. The words 'may be recovered' appearing in this subsection are and were intended to impose this liability."

This amendment was approved July 27, 1943, and published July 30, 1943. It will be noted that the present claim does not include a charge for maintenance prior to the effective date of this amendment.

The decision in the *Cameron Case, supra,* was handed down December 18, 1946. That opinion affirmed the result in the *Shirley Case* for the reason that the action was based upon a common-law liability which did not exist, but in so far as the opinion stated that sec. 46.10 (7), Stats., did not create a liability but was merely procedural, it was expressly overruled.

This section was again amended by the legislature in 1947, and the interim committee which drafted the amendments made the following comment, as reported in Wisconsin Annotations (1950), 227:

"New 46.10 embodies in substance old 46.10 (7) to (11). Subsections (7) to (10) have been revised to clarify the present law so as to establish direct liability for maintenance against the patient or designated relatives, to clarify procedure for securing payment, to provide for court determination after considering ability to pay, to provide for modification of court orders and an action for recovery of amounts due."

In spite of the 1943 amendment to sec. 46.10 (7), Stats., and in spite of the decision in the *Cameron Case, supra,* the appellant contends that he is not liable until a court order has been entered determining liability and directing him to make payments.

The first two subsections of sec. 46.10, Stats., now read as follows:

"(1) Liability for the maintenance of patients in the institutions specified in this section and the collection and enforcement of such liability is governed exclusively by this section.
"(2) Any patient in any charitable or curative institution of the state including the Wisconsin General Hospital or of any county or municipality, in which the state is chargeable with all or a part of the patient's maintenance, except tuberculosis patients mentioned in chapter 50 and sections 51.27 and 58.06 (2), or *heretofore* or hereafter committed or admitted to any such institution, and his property and estate.

or the husband or wife of such patient, and their property or estates, and *in the case of a minor child the father or mother of the patient, and their property and estates, shall be liable for such patient's maintenance* not exceeding the actual per capita cost thereof, except as provided in section 51.22 (2m), and the department may bring action for the enforcement of such liability. *The department shall make every reasonable effort to notify the relatives liable as soon as possible after the beginning of the maintenance but such notice or the receipt thereof is not a condition of liability of the relative."*

That portion of sec. 46.10, Stats., is clear and unambiguous, and creates liability. The other subsections of sec. 46.10 deal for the most part with the remedy for the enforcement of that liability. The appellant calls attention to certain words therein that, to him, indicate no liability attaches until certain procedural steps have been taken. Taken out of context and by themselves these words may lend comfort to the appellant, but taken as a whole the statute is clear.

So that there will be no uncertainty in the future, we now state that parents become liable for the maintenance of a minor child in an institution for the mentally deficient as soon as the child enters the institution, if committed after July 30, 1943. We do not pass upon the question of liability prior to that date, and will not until that particular question is presented.

We further hold that the state did not waive its claim by failing to petition the court for a period of eight years. The present statute of limitations protects the parent against undue delay on the part of the state, but that statute is not involved in this case.

In support of its final contention the appellant calls attention to sec. 51.22 (2m), Stats., which reads as follows:

"Beginning July 1, 1951, whenever the actual per capita cost for care and maintenance of patients at the colonies and training schools shall exceed $40 for a month of thirty-one days, liability of patients or parents under sec. 46.10 (2)

shall be limited to $40 per month. In any case the department may grant a lesser special rate per month based on the ability to pay of the patient or parent, and no liability shall accrue for the difference between the lesser special rate and $40."

The appellant contends that since the order calls for payments of $50 per month, it is in violation of this section. The order reads as follows:

"It is hereby ordered that Leo Derouin be, and he hereby is, directed to pay to the State Department of Public Welfare the sum of fifty dollars per month, commencing December 10, 1951, said payments to be applied first in payment of the current cost of hospitalization being furnished to said Mary Ann Derouin and the balance to be applied on the accrued account.

"It is further ordered that payments be continued until said account is paid in full or until a further order of this court."

The statute provides that after July 1, 1951, the liability of the appellant under sec. 46.10, Stats., is limited to $40 per month. Thus $40 of the monthly payment would be applied to the current cost of maintenance to April 3, 1952, when Mary Ann Derouin was twenty-one years of age and liability of the appellant ceased. The balance would be applied upon the original claim and after that date the entire amount would be applied to the payment of the claim. Thus the order did not violate the legal limitations of the father's liability.

*By the Court.*—Order affirmed.