STATE DEPARTMENT OF PUBLIC WELFARE, Appellant, v. SEM, Respondent.

*September 9—October 6, 1959.*

For the appellant there was a brief by *Frank P. Fosgate,* collection and deportation counsel, and *Charles C. Lubcke* and *Clarence Simon,* assistant counsel, and oral argument by *Mr. Simon.*

For the respondent the cause was submitted on the brief of *Donald L. Farr* of Eau Claire.

MARTIN, C. J. In the lower court's opinion the divorce judgment established the extent of the obligation of the father to support the child and his liability is limited to the sum so fixed unless said judgment is modified by the divorce court.

We cannot agree with this view. Sec. 46.10, Stats., so far as material, provides:

"(1) Liability for the maintenance of patients in the institutions specified in this section and the collection and enforcement of such liability is governed exclusively by this section.

"(2) Any patient in any charitable or curative institution of the state . . . or heretofore or hereafter committed or admitted to any such institution, and his property and estate, . . . and in the case of a minor child the father or mother of the patient, and their property and estates, including their

homesteads, shall be liable for such patient's maintenance not exceeding the actual per capita cost thereof, . . .

"(3) After investigation of the ability to pay of the patient , or relative liable for such maintenance, the department shall make collection from the patient or the person who in the opinion of the department under all of the circumstances is best able to pay, giving due regard to relationship and the present needs of the person or of his lawful dependents. However, the liability of relatives for maintenance shall be in the following order: . . . then, in the case of a minor, the father, and lastly the mother.

"(4) Upon the failure of any relative liable for maintenance to make payment or enter into or comply with an agreement for payment, the department may apply to the county court of the county . . . in which such relative resides for an order to compel payment by such relative.

"(7) The department shall administer and enforce this section."

In *Derouin v. State Department of Public Welfare* (1952), 262 Wis. 559, 563, 55 N. W. (2d) 871, this court held:

"So that there will be no uncertainty in the future, we now state that parents become liable for the maintenance of a minor child in an institution for the mentally deficient as soon as the child enters the institution."

The liability of the parent is statutory and the divorce court has no jurisdiction to relieve the parent of that liability. The order for support money for the benefit of the child was based on the conditions existing at the time the divorce judgment was entered, that is, the child being in the care and custody of the mother. There was no indication then, so far as the record discloses, that the boy would require institutional care. When he was hospitalized, however, the only support rendered him was that provided by the state. The mother was no longer entitled to receive support-money payments and, while the record is silent as to whether or not payments directed by the divorce judgment were in fact

made, the respondent could have petitioned the divorce court for relief from the support order. The state was not a party to the divorce action; it could not apply to the divorce court for modification of the support order, and the divorce court would have no jurisdiction to order support for the child while in the institution. The liability for such support and the collections for the maintenance provided by the state are, by its terms, governed exclusively by sec. 46.10, Stats.

A divorce judgment terminates only the relationship between husband and wife; it does not terminate the parental relationship. *Romanowski v. Romanowski* (1944), 245 Wis. 199, 14 N. W. (2d) 23. It may fix the extent of liability of the father for support of a child, subject to modification upon proper application when changed circumstances warrant it, but we cannot see how such a judgment can affect the liability of the parent to the state which is imposed by sec. 46.10, Stats. This is a special statute designed by the legislature to cover a special situation. It is valid, unambiguous, and no confusion or inequity arises from its operation.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.