ESTATE OF ALLEN: DEPARTMENT OF HEALTH & SOCIAL
SERVICES, Appellant, v. SLATER, Respondent.*

*No. 276. Argued May 8, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 869.)

* Motion for rehearing denied, without costs, on September 8, 1969.

For the appellant there was a brief by *Charles C. Lubcke,* collection and deportation counsel, and *James R. Pleyte, Robert H. Kletzien,* and *Earl G. Buehler,* assistant counsel, and oral argument by *Mr. Kletzien.*

For the respondent there was a brief by *Ross, Stevens, Pick & Spohn,* attorneys, and *Jack F. Olson* of counsel, all of Madison, and oral argument by *Mr. Olson.*

WILKIE, J. Our answer to one question disposes of this appeal and results in a reversal of the trial court. This question is:

Does sec. 893.19 (4), Stats. (the six-year limitation) or sec. 893.18 (6) (the ten-year limitation) apply? [1]

There is no dispute as to the amount of the claim asserted by the state or as to the basis of the liability on which this claim is asserted. It is a statutory liability imposed by sec. 46.10, Stats. The charges against Edith Slater for the care of her child, Ellen, during the child's minority began to accrue on Ellen's admission to northern colony on January 27, 1943. After the state made its claim in 1967 against Edith Slater, she raised the statute of limitations as a defense to the state's action, claiming that the six-year statute of limitations applied, rather than the ten-year statute of limitations.

From 1944 through 1956, on four separate occasions,[2] this court has consistently recognized that the ten-year statute of limitations applies to actions by the state to enforce claims asserted by reason of sec. 46.10, Stats. In *Estate of Heller*,[3] when a claim by the state under sec. 46.10 was asserted, this court rejected the contention that the cost of care incurred during the years 1919 to 1931 was barred by the ten-year period of limitation, which period was prescribed by sec. 330.18 (6), now sec. 893.18 (6). The court noted that the ten-year period of limitation was made applicable, by a 1941 legislative amendment, to an action in favor of the state under sec. 46.10, but that that ten-year period did not start to run

---

[1] "893.19 Within 6 years; . . .

". . .

"(4) An action upon a liability created by statute when a different limitation is not prescribed by law."

"893.18 Within 10 years. . . .

". . .

"(6) Any action in favor of the state when no other limitation is prescribed in this chapter. . . ."

[2] *Estate of Heller* (1945), 246 Wis. 438, 17 N. W. 2d 572, 18 N. W. 2d 594; *Estate of Cameron* (1946), 249 Wis. 531, 25 N. W. 2d 504; *Derouin v. State Department of Public Welfare* (1952), 262 Wis. 559, 55 N. W. 2d 871; *Guardianship of Dach* (1956), 272 Wis. 120, 74 N. W. 2d 766.

[3] *Supra,* footnote 2.

until the amendment of 1941, even for obligations incurred in prior years. Accordingly, when the action was commenced after 1941, before ten years had elapsed the state could collect on its claim even though the obligation was incurred in prior years.

In *Estate of Cameron*,[4] the state also asserted a claim under sec. 46.10, Stats., and this court stated that in cases brought by the state under this section "defendants may plead the ten-year limitation prescribed by sec. 330.18 (6) [now sec. 893.18 (6)]." [5]

In *Derouin v. State Department of Public Welfare*,[6] the state asserted a claim under sec. 46.10, Stats., which was against a father for care furnished to a minor patient and the charges for the patient's care dated back about eight years prior to the commencement of the action. The court stated:

"We further hold that the state did not waive its claim by failing to petition the court for a period of eight years. The present statute of limitations protects the parent against undue delay on the part of the state, but that statute is not involved in this case." [7]

In *Guardianship of Dach* [8] the state again asserted a claim under sec. 46.10, Stats. This court said:

". . . The final claim goes back about ten years prior to the date of filing and within the ten-year period it was not barred by the statute of limitations."

Thus, in four cases this court recognized that the ten-year statute of limitations applied to claims by the state under sec. 46.10, Stats. The court recognized that the legislative pattern had evolved from the period when there was a specific statutory prohibition against pleading the statute of limitations as a defense against the

---

[4] *Supra*, footnote 2.

[5] *Id.* at page 537.

[6] *Supra*, footnote 2.

[7] *Id.* at page 563.

[8] *Supra*, footnote 2, at page 126.

assertion by the state of a claim based on this sec. 46.10,[9] to the period after the amendment of 1941, following which those obligated for the payment of such costs could plead the ten-year statute of limitations.

We conclude, therefore, that a state claim under sec. 46.10, Stats., is covered by the ten-year statute of limitations falling within the provisions of sec. 893.18 (6) which specifies that limitation in "any action in favor of the state when no other limitation is prescribed in this chapter."

A minority of the court, including the writer of this opinion, would conclude that the six-year statute of limitations (sec. 893.19 (4)) applies on the basis that a general statute of limitations applies against the state according to the particular type of action where the statute sets a limit for specified actions regardless of whether such actions are brought by private parties or the state or its subdivisions. Since sec. 893.19 (4) deals with a liability created by statute, an action of this type asserted by the state would be controlled by this section. The majority of the court concludes otherwise and that the rulings of this court have made it clear that the ten-year statute applies to this particular action, when a claim is asserted by the state seeking to enforce liability accruing under sec. 46.10.

The respondent relies on *Gilman v. Northern States Power Co.,*[10] among others, which involved an action by the village of Gilman against the utility to recover under an allegedly void contract. Sixteen years had elapsed since the cause of action accrued and thus the village's recovery would have been barred by the statute of limitations, whether the six-year limitation under sec. 893.19 (3), Stats. (for breach of contract), or the ten-year limitation under sec. 893.18 (6), applied. In any event, the state itself was not a party in the *Gilman Case,* and

[9] Sec. 46.10 (7), Stats. 1939.

[10] (1943), 242 Wis. 130, 7 N. W. 2d 606.

no statutory liability under sec. 46.10 or otherwise was involved.

Because we have concluded that the state's claim under sec. 46.10, Stats., is not barred by the ten-year statute of limitations, it is unnecessary for us to consider the further issue raised on this appeal as to whether the long-arm statute, sec. 262.05, applies in this case (not in effect until July, 1960) to the state's action to enforce the liability imposed upon relatives by sec. 46.10. Accordingly, we do not reach this question and reserve any determination in connection therewith for subsequent litigation.

*By the Court.*—Judgment reversed, and cause remanded for proceedings consistent with this opinion.