STATE of Wisconsin, Plaintiff-Respondent,†

v.

HOLLAND PLASTICS COMPANY, MacArthur Company, Johnson-Wagner-Isley-Widen and Hipp, Inc., Orville E. Madsen & Son, Inc., and Ettel and Franz Company, Defendants-Appellants.

Supreme Court

*No. 82–024. Argued February 28, 1983.—Decided March 29, 1983.*

(Also reported in 331 N.W.2d 320.)

† Motion for reconsideration denied, without costs, on May 3, 1983.

For the appellants, Holland Plastics Company, Mac-Arthur Company and Orville E. Madsen & Son, Inc., there were joint briefs by *Richard A. Hollern, Robert Horowitz, Jeffrey M. Gallagher* and *Stafford, Rosenbaum, Rieser & Hansen, Bradley D. Armstrong, Barbara J. Swan* and *Brynelson, Herrick, Gehl & Bucaida,* all of Madison, *Robert D. Sullivan* and *Merten & Schwemer, S.C.,* Milwaukee, and for appellants, Johnson-Wagner-Isley-Widen and Hipp, Inc., and Ettel and Franz Company, there were joint briefs by *John F. Jenswold* and *Jenswold, Studt, Hanson, Clark & Kaufmann* and *Tom*

*Jacobs* and *Frank Coyne Law Offices,* all of Madison, and oral argument by *Mr. Horowitz* and *Allen A. Arntsen.*

For the respondent the cause was argued by *John J. Glinski,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

DAY, J.   This is an appeal from a nonfinal order of the circuit court for Dane county, William F. Eich, Judge, which denied the defendants' motion for summary judgment. The court of appeals granted the defendants' petition for leave to appeal pursuant to sec. 809.50, Stats. 1979–80. The court of appeals then certified the case to this court pursuant to sec. (rule) 809.61, Stats. 1979–80. The certification request was granted and the appeal accepted on October 12, 1982.

The issues considered on appeal are:

1) Is an action by the state for negligent construction and breach of contract governed by the ten year statute of limitations contained in sec. 893.18(6), Stats. 1971,[1] (now sec. 893.87 (1981–82), or by sec. 893.19(5) 1971,[2] and sec. 893.19(3), 1971,[3] (now secs. 893.52 and 893.43 1981–82, respectively)?[4]

---

[1] Section 893.18(6), Stats. 1971:

"**893.18 Within 10 years.** . . . (6) Any action in favor of the state when no other limitation is prescribed in this chapter. No cause of action in favor of the state for relief on the ground of fraud shall be deemed to have accrued until discovery on the part of the state of the facts constituting the fraud."

[2] Section 893.19(5), Stats. 1971:

"**893.19 Within 6 years; one year notice of damage by railroad.** Within 6 years: . . . (5) An action to recover damages for an injury to property, or for an injury to the character or rights of another, not arising on contract, except in case where a different period is expressly prescribed."

[3] Section 893.19(3), Stats. 1971:

"**893.19 Within 6 years; one year notice of damage by railroad.** Within 6 years: . . . (3) An action upon any other contract, obligation or liability, express or implied, except those mentioned in ss. 893.16 and 893.18."

[4] The parties agree that sec. 893.155, Stats. 1971, (now sec. 893.89, 1981–82), does not apply. This statute was declared un-

2) If the state's action for negligent construction is governed by the six year limitation in sec. 893.19(5) does that statute bar the state's claim here?

3) If the state's action for breach of contract is governed by the six year limitation in sec. 893.19(3), does that statute bar the state's claim here?

We conclude that the action by the state is governed by the six year limitations in sec. 893.19(5) and 893.19(3), Stats. We further conclude that sec. 893.19(3), Stats., bars the state's claim for damages for breach of contract. We remand the case to the trial court for a determination as to whether the state's action for negligent construction is barred by sec. 893.19(5), Stats.

This case involves problems which occurred in the construction of the roof of the Creative Communications Building on the campus of the University of Wisconsin—Green Bay.

Construction of the building was commenced in late 1970. According to the deposition of Mr. Gerald Germanson, chief of project management for the Wisconsin Department of Administration, Division of State Facilities Management, the "basic contract work" for the roof was completed by August 23, 1973.

Prior to the completion of the roof, construction observation reports dated January 24, March 28 and April 4, 1973, documented roof leakage in the building. These reports were made out by state employees.

The building was substantially completed on November 28, 1973. This action was commenced on October 31, 1979.

constitutional in *Kallas Millwork Corp. v. Square D Co.,* 66 Wis. 2d 382, 393, 225 N.W.2d 454 (1975). The statute was amended in Chap. 335, Laws of 1975. This court, in *Hunter v. Sch. Dist. of Gale-Ettrick-Trempealeau,* 97 Wis. 2d 435, 293 N.W.2d 515 (1980) held that sec. 893.255 as amended was applicable only to causes of action accruing after June 13, 1976.

The complaint alleged that defendants Holland Plastics Company (Holland) and MacArthur Company (MacArthur) were negligent in the manufacture and sale of roof insulation which was used in the construction of the building. The complaint also alleged that defendant Ettel and Franz Company (Ettel) was negligent in using the wrong type of asphalt in the construction of the roof. Finally, the complaint alleged that defendants Johnson-Wagner-Isley-Widen and Hipp, Inc. (Johnson) and Orville E. Madsen & Son, Inc. (Madsen) acted negligently with regard to the construction of the roof and that both breached their contracts with the state involving the construction of the building.

Following a series of interrogatories and depositions, the defendants moved for summary judgment on the ground that the statute of limitations barred this action because the action was commenced more than six years after the cause of action accrued. The state countered by arguing that the applicable statute of limitations was that found in sec. 893.18(6), Stats. 1971, and that section gave the state ten years to commence the action. The trial court found sec. 893.18(6) to be the applicable statute and determined that the action was commenced within the time limitations set out therein. The motion for summary judgment was therefore denied. The defendants appealed.

Under sec. 893.18(6), Stats. 1971, the state is given ten years to commence an action in its favor "when no other limitation is prescribed in this chapter [Chap. 893 (1971)]." In *Gilman v. Northern States Power Co.*, 242 Wis. 130, 134-35, 7 N.W.2d 606 (1943), this court determined that the language of this statute "manifestly was intended . . . to provide that the general limitation statutes . . . should apply to the state and that a ten-year limitation was created to cover any case by the state not falling within the general limitation statutes or any

special statutes." The question is whether the interpretation of sec. 893.18 (6), Stats., which is set out in *Gilman* controls this case. We conclude it does.

*Gilman* involved an action by the Village of Gilman to recover funds which had allegedly been paid illegally to a utility for line construction. The action was commenced almost fifteen years after the money had been paid out. The village argued that no statute of limitations applied to the State or its subdivisions. The court examined this argument and rejected it. In so doing the Court held that the general limitation statutes applied to both the state and its subdivisions and the ten-year limitation was created to cover actions not falling under any other statute.

The state now argues that the language of *Gilman* is *dicta* because the state was not a party to the action. However, this argument ignores the fact that the village argued, and the court apparently accepted the argument,[5] that a subdivision of the state should stand in the same position as the state regarding the applicability of the statute of limitations. Thus, the court in determining which statute of limitation applied to actions by the village also determined which applied to the state.

The state next argues that even if the language in *Gilman* is not *dicta,* the holding in that case was based on an erroneous examination of the statute's legislative history and thus the holding was in error. However, the holding in *Gilman* did not rest upon its examination of the legislative history but rather relied on the language of the statute to show the "manifest" intent of the legislature.

[5] The following language in Gilman convinces us on this point:
"As an action such as the instant one would be barred if brought by the state, it is also barred by a subdivision of the state, as exemption to the state under the general rule relied on by the village would be the only possible reason for exempting the village." 242 Wis. at 135.

The court's reference to legislative history in *Gilman* was not used to aid in a determination of what legislative intent was in creating the statute. Rather, the court looked at the words of the statute and determined that they were sufficiently clear and unambiguous so that it could properly determine that which was "manifestly intended by the enactment of the act." The court's use of the word "manifestly"[6] here is significant because it shows that it was the wording of statute upon which the court relied.

We find the language of the statute clear and unambiguous in setting a ten-year limitation for the state only when "no other limitation is prescribed." This court has stated repeatedly that where the language of a statute is clear, it is improper to resort to extrinsic aids for the purpose of statutory construction. *Swanson Furniture v. Advance Transformer,* 105 Wis. 2d 321, 326, 313 N.W. 2d 840 (1982) ; *State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12 (1981) ; *Milwaukee v. Lindner,* 98 Wis. 2d 624, 632, 297 N.W.2d 828 (1980). The state's attempt to use legislative history to support its position is not persuasive in the face of the clear language of the statute.

The state next argues that the *Gilman* court's interpretation of the language in sec. 893.18(6) was explicitly rejected in *Estate of Allen,* 43 Wis. 2d 260, 168 N.W.2d 869 (1969). In *Allen,* the state sought to enforce a claim under sec. 46.10, Stats., against a mother for the costs of taking care of her child who had been placed in a state institution for the mentally retarded. Relying upon four earlier decisions,[7] the court held that a ten year statute

---

[6] "Manifest" is defined in *Webster's Third New International Dictionary* (1961) as "capable of being easily understood or recognized at once by the mind."

[7] *Estate of Heller,* 246 Wis. 438, 17 N.W.2d 572, 18 N.W.2d 594 (1945) ; *Estate of Cameron,* 249 Wis. 531, 25 N.W.2d 504 (1946) ; *Derouin v. State Dept. of Public Welfare,* 262 Wis. 559, 55 N.W.2d

of limitations applied to the claims by the state under sec. 46.10. Allen, 43 Wis. 2d at 264. The court considered *Gilman* but determined it to be inapplicable because the state was not a party in *Gilman* and because no statutory liability under sec. 46.10 was involved.

The fact that the state was not a party in *Gilman* was shown previously to be insignificant in determining the validity of the court's interpretation of sec. 893.18(6). It is clear that the court in *Allen* did not overrule the holding in *Gilman* but rather distinguished it out of deference to the principle of *stare decisis*. The most that can be said of the *Allen* case is that it reaffirmed a very narrow exception to the general rule set out in *Gilman.*

We conclude that sec. 893.18(6), Stats. 1971, (now sec. 893.87 1981–82), sets a ten-year limitation for actions by the state only where the action is of such a type that it does not fall under any other of the limitations set out in the limitations chapter of the statutes.

Because of our holding above, it is clear that sec. 893.19(5), Stats. 1971, and sec. 893.19(3), 1971, governed this action. The question thus becomes whether those statutes operate to bar this action.

As an initial matter, the defendants ask this court to refuse to consider these questions contending that these are issues which were raised by the state for the first time on appeal. Generally, issues not raised or considered by the trial court will not be considered for the first time on appeal. *Brown County v. H&SS Dept.*, 103 Wis. 2d 37, 42, 307 N.W.2d 247 (1981) ; *Wirth v. Ehly,* 93 Wis. 2d 433, 443, 287 N.W.2d 140 (1980).

These questions were not considered by the trial court because of its determination that the ten year rather

871 (1952); *Guardianship of Dach*, 272 Wis. 120, 74 N.W.2d 766 (1956).

than six year statute of limitations applied. Further, the issues are not new for the defendants themselves urged the trial court to grant their motion for summary judgment because the six year statutes barred the action. All that is new is that the state now claims that even if the six year statutes apply, its claims are nevertheless not barred. This is merely an additional argument on issues already raised by the defendants and the general rule against raising issues for the first time on appeal does not prevent the state from making its argument in this court.

The second issue considered on appeal is whether the state's action for negligent construction is barred by the six-year limitation in sec. 893.19(5), Stats. 1971?

As this court stated in *Wis. Natural Gas v. Ford, Bacon & Davis Constr.*, 96 Wis. 2d 314, 324, 291 N.W.2d 825 (1980):

"a cause of action accrues and the statute of limitations (sec. 893.19(5), Stats.) begins to run when the evidence of injury to property, resulting from the negligent act upon which the action is based, is sufficiently significant to alert the injured party to the possibility of a defect. The injury need not, however, be of such magnitude as to identify the causal factor." quoting *Tallmadge v. Skyline Construction, Inc.*, 86 Wis. 2d 356, 359, 272 N.W.2d 404 (Ct. App. 1978).

The determination of when a cause of action accrues under this statute is a factual one. The trial judge did not engage in such a determination because of his decision that the ten year statute applied. Based upon our review of the motion for summary judgment and the accompanying documents, we cannot say as a matter of law that the three documented leaks which occurred

prior to the completion of the building's roof were sufficiently significant to alert the state to the possibility of a defect in the roof. We therefore remand this question to the trial court for further proceedings on this question.

The final question on review is whether the state's action against Johnson and Madsen for breach of contract is barred by the six-year limitation in sec. 893.19 (3), Stats. 1971?

In an action for breach of contract, the cause of action accrues and the statute of limitations begins to run from the moment the breach occurs. *Milwaukee County v. Schmidt, Garden & Erikson,* 43 Wis. 2d 445, 455, 168 N.W.2d 559 (1968); *Denzer v. Rouse,* 48 Wis. 2d 528, 531, 180 N.W.2d 521 (1970). This is true whether or not the facts of the breach are known by the party having the right to the action. 48 Wis. 2d at 531.

The state contends that the breach could not have occurred until the building was substantially completed (here November 28, 1973) because until that time there was no representation made that the building was without defect. To support this argument, the State relies on *Krueger v. V.P. Christianson Silo Co.,* 208 Wis. 460, 240 N.W. 145 (1932). In *Krueger* there is language suggesting that for purposes of the statute of limitations, a breach of contract occurs when a job is completed and a defect exists.

The court examined the meaning of this language in the *Milwaukee County* case. The appellant in *Milwaukee County* argued that, under the holding in *Krueger,* the cause of action did not accrue until the respondents had completed their contract. The court in *Milwaukee County* rejected this argument after determining that the language in *Krueger* supported the appellants position only when taken out of context. The court then went on to reaffirm that it is the moment the breach occurs that is the time a cause of action in contract accrues.

In this case the breach of contract relates to Johnson and Madsen's contractual obligations with regard to the roof of the building. From the information before us, we cannot say specifically when the breach of contract occurred. However, it is clear that the breach could have occurred no later than August 23, 1973, because that is the date on which the roof was basically completed. That date is six years and two months prior to the commencement of the action. Therefore, the contract action was barred by the statute of limitations in sec. 893.19 (3).

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.