BANK ONE, APPLETON, NA, Plaintiff-Respondent,

v.

Anne M. REYNOLDS, Defendant-Appellant,

Lynn H. REYNOLDS, Defendant,

MORGAN ADMIN. BLDG. BOARD OF EDUCATION, Garnishee-Defendant.

Court of Appeals

*No. 92–3041–FT. Submitted on briefs March 9, 1993.—Decided April 6, 1993.*

(Also reported in 500 N.W.2d 337.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Christine R. H. Olsen* of *Byrne, Goyke & Olsen, S.C.* of Wausau.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Larry Liebzeit* of *Chudacoff and Liebzeit* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Anne Reynolds appeals an order of garnishment of her wages in favor of Bank One.[1] She argues that the garnishment was improper because (1) the judgment underlying the garnishment order was not taken "in connection with" a marital obligation pursuant to sec. 766.55(2), Stats., (2) a marital property agreement signed by her and her husband made her wages individual and not marital property, (3) she was not a defendant in, nor given notice of, the underlying suit, and (4) because her husband is not working, she should be able to use two sec. 815.18(3)(h) exemptions. We reject her arguments because (1) the marital purpose statement signed by Anne's husband, Lynn Reynolds, is conclusive evidence that the underlying judgment was taken in connection with a marital obligation, (2) Anne and Lynn entered the marital property agreement after Lynn incurred the obligation to the bank, (3) the garnishment procedures do not require that she be a defendant in, or given notice of, the underlying suit if she is a defendant in the garnishment action, and (4) sec. 815.18(8) states that she is limited

---

[1] This is an expedited appeal under Rule 809.17, Stats.

to one sub. (3)(h) exemption. Therefore, the garnishment order is affirmed.

Lynn signed a continuing guaranty on March 1, 1989, that guaranteed a $23,000 promissory note owed to Bank One by Reynolds Candys, Inc. The guaranty contained the following marital purpose statement also signed by Lynn:

> MARITAL PURPOSE. For Wisconsin residents only: Each Guarantor who signs above and is married represents that this obligation is incurred in the interest of his or her marriage or family.

Anne did not sign the continuing guaranty or the marital purpose statement. Reynolds Candys defaulted on its obligation to the bank, and the bank sued Lynn to recover on the guaranty. The complaint named Lynn, but not Anne. After the complaint was served, but before judgment was taken, Lynn and Anne entered into a marital property agreement, stating that all income earned by Anne is her individual property. The bank was awarded summary judgment against Lynn on January 24, 1992. In April, the bank learned of the marital property agreement. Subsequently, the bank filed a garnishment action against Anne. The trial court entered an order for garnishment of Anne's wages, and Anne appealed.

■

Anne first argues that the underlying debt was not a marital debt. Section 766.55(1), Stats., defines marital debts and provides in part:

> A statement separately signed by the obligated or incurring spouse at or before the time the obligation is incurred stating that the obligation is or will be incurred in the interest of the marriage or the family *is conclusive evidence* that the obligation to

220

which the statement refers is an obligation in the interest of the marriage or family, except that the existence of that statement does not affect any interspousal right or remedy. (Emphasis added.)

Thus, the marital purpose statement signed by Lynn is conclusive evidence that the debt the bank seeks to collect is a family obligation. *See Park Bank-West v. Mueller*, 151 Wis. 2d 476, 484, 444 N.W.2d 754, 758 (Ct. App. 1989).

Section 766.55(2), Stats., sets out the sources from which obligations may be satisfied. Subsection (2)(b) provides: "An obligation incurred by a spouse in the interest of the marriage or the family may be satisfied only from *all marital property* and all other property of the incurring spouse." (Emphasis added.) Thus, the obligation could be satisfied from all of Lynn and Anne's marital property and all of Lynn's other property.

Anne next argues that by virtue of the marital property agreement entered into between Lynn and herself, her wages do not constitute marital property. However, sec. 766.55(4m), Stats., provides:

Except as provided under s. 766.56(2)(c), no provision of a marital property agreement or of a decree under s. 766.70 adversely affects the interest of a creditor unless the creditor had actual knowledge of that provision when the obligation to that creditor was incurred . . . . If a creditor obtains actual knowledge of a provision of a marital property agreement or decree after an obligation is incurred . . . the provision does not adversely affect the interest of the creditor with respect to that obligation . . . .

The obligation was entered into before Anne and Lynn made the marital property agreement. Therefore, the

bank could not have had actual knowledge of the marital property agreement, and thus no provision of the marital property agreement may adversely affect the bank's interest. The bank's interest would be adversely affected if Anne's wages were not considered marital property reachable via garnishment by the bank. Thus, the marital property agreement has no effect in this action.

Next, Anne argues that her wages may not be garnished because she was not a defendant in, nor given notice of, the underlying action. Anne contends that notice was required under secs. 766.56(3)(b) and 422.305, Stats. Anne first raises this argument on appeal and cites no authority for the proposition that secs. 766.56(3)(b) and 422.305, which reference or are part of the Wisconsin Consumer Act, are applicable. As a general rule, appellate courts will not review issues raised for the first time on appeal. *State v. Holland Plastics Co.*, 111 Wis. 2d 497, 504, 331 N.W.2d 320, 324 (1983). Therefore, Anne has waived this issue.

Chapter 812, Stats., governs garnishment actions. Together, sec. 812.01(1) and 812.02(2e) provide that the bank may proceed against Anne. Section 812.01(1), states:

> Any creditor may proceed against any person who is indebted to or has any property in his or her possession or under his or her control belonging to such creditor's debtor or which is subject to satisfaction of an obligation described under s. 766.55(2), as prescribed in this chapter. "Plaintiff" as used in this chapter includes a judgment creditor and "defendant", a judgment debtor or the spouse or former spouse of a judgment debtor if the judgment is ren-

dered in connection with an obligation described under s. 766.55(2) [a marital obligation].

Lynn and Anne's marital property is subject to satisfaction of a marital obligation as described under sec. 766.55(2), Stats. Section 812.02(2e) states: "A plaintiff may not commence any garnishment action affecting the property of a spouse who is not a defendant in the principal action unless the spouse is a defendant in the garnishment action." Anne is a defendant in this, the garnishment, action. Thus, the bank properly commenced its garnishment action.

Finally, Anne argues that because her husband is not working, she should be able to take the sec. 815.18(3)(h), Stats., exemption that protects 75% of one's wages for both of them, thus protecting 150% of her wages from garnishment. We reject this argument. The plain language of sec. 815.18(8) states that "the exemption under sub. (3)(h) may not be combined with the other spouse's exemption under sub. (3)(h) and applied to the same property." Therefore, all of Anne's wages are garnishable subject to the single exemption set forth in sec. 815.18(3)(h).

*By the Court.*—Order affirmed.