STATE OF WISCONSIN, PLAINTIFF-RESPONDENT,
V.
ANTHONY JOHN DOTY, DEFENDANT-APPELLANT.
Appeal No. 04-1277.
Court of Appeals of Wisconsin.
March 22, 2005.
Before Wedemeyer, P.J., Fine and Kessler, JJ.
¶1 FINE, J.
Anthony John Doty appeals pro se from an order denying his WIS. STAT. § 974.06 motion for postconviction relief. Doty alleges that he was denied effective assistance of trial and postconviction counsel. We affirm.

I.
¶2 Anthony John Doty was charged with first-degree intentional homicide, while armed, for shooting and killing James Davis in 1992. See WIS. STAT. §§ 940.01(1), 939.63 (1991-92). According to Doty's statements to the police, he met Davis at a bar to talk about Doty's ex-girlfriend, with whom Davis was allegedly living. After a few drinks, Doty and Davis left the bar, drove around, and eventually parked Doty's car. Doty told the police that they got out of the car, drank some more, and talked. According to Doty, when he tried to get back into his car, he saw Davis, who was on the passenger side, reach behind his back. Doty claimed that he thought Davis might have a gun, so he shot Davis twice. Doty told the police that he then drove ho me and went to sleep because he had to work the next day.
¶3 Doty pled not guilty by reason of mental disease or defect, and the trial court ordered a psychiatric examination. See WIS. STAT. §§ 971.16, 971.17 (1991-92). William J. Crowley, M.D., examined Doty on May 27, 1992. In a written report, Dr. Crowley opined, to a reasonable degree of medical certainty, that "there is no suggestion from the history as presented, that [Doty] lacked substantial capacity to appreciate the wrongfulness of his behavior or conform his conduct to the requirements of the law." Dr. Crowley also indicated that Doty told him about the shooting and that, in Dr. Crowley's opinion, Doty's "description of the circumstances have the characteristics of imperfect self-defense."
¶4 Doty withdrew his not guilty plea, and pled guilty to first-degree intentional homicide while armed. At the plea hearing, Doty told the trial court that he had reviewed the elements of the crime and possible defenses with his lawyer. Doty's lawyer then told the trial court that Doty's decision to plead guilty was based on their:
extensive review of the issue of self-defense, which Mr. Doty had put forward and which we had researched, and based on that, it was my opinion and I advised him that his conduct that night would not be, in my opinion, self defense.
The issue of intent as it applies in first degree and adequate provocation was again reviewed many, many times and was based on our conversations with Mr. Doty, taking a hard look at what happened, understanding what happened, he told me that he wished to enter a plea.
The trial court determined that Doty's plea was freely, voluntarily, and intelligently entered and found him guilty of first-degree intentional homicide, while armed.
¶5 The only issue at Doty's sentencing was his parole eligibility date. See WIS. STAT. §§ 940.01(1), 939.50(3)(a) (life in prison mandatory sentence for first-degree intentional homicide) (1991-92). The State asked the trial court to set a parole eligibility date of twenty years, while Doty's lawyer asked the trial court to leave Doty's parole eligibility date to the Parole Board. The trial court sentenced Doty to life in prison, with an initial parole eligibility date of August 10, 2012.
¶6 On May 18, 1993, Doty filed a WIS. STAT. § 809.30 motion to withdraw his guilty plea. The only issue Doty raised was whether his trial lawyer was ineffective because the lawyer told him that the prosecutor would "stand silent" at the sentencing hearing, and then failed to object at the sentencing hearing when the prosecutor asked for a parole eligibility date of twenty years. The trial court held a hearing under State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979), and denied Doty's motion.
¶7 Doty filed a notice of appeal on October 1, 1993. His appellate lawyer filed a no-merit report. Doty did not file a response. After reviewing the no-merit report, we concluded that "no issue arising out of the plea taking would have arguable merit." See State v. Doty, No. 93-2714-CRNM, unpublished slip op. (Wis. Ct. App. Apr. 26, 1994). On June 23, 1994, Doty voluntarily moved pro se to dismiss his petition for review before the Wisconsin Supreme Court, admitting that, "the issues brought in Post-conviction do not present a real and significant question of Federal or State Constitutional law."
¶8 On April 8, 2004, Doty filed a pro se WIS. STAT. § 974.06 motion to withdraw his guilty plea:
 claiming that his trial lawyer was ineffective for failing to advise him of imperfect self-defense, fraudulently inducing him to plead guilty, failing to adequately investigate, and withholding exculpatory evidence;
 claiming that his trial lawyer wrongfully induced him to give up his right to a jury trial; and
 asking the trial court to retroactively apply State v. Head, 2002 WI 99, 255 Wis. 2d 194, 648 N.W.2d 413, which established a subjective threshold showing for the unnecessary defensive force (imperfect self-defense) defense to firstdegree intentional homicide.
Doty contended that he had not seen Dr. Crowley's report. Doty also claimed that his postconviction lawyer was ineffective for not raising these issues in the first postconviction motion and on appeal. See State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 682, 556 N.W.2d 136, 139 (Ct. App. 1996) (allegation of ineffective assistance of counsel sufficient reason to permit additional issues to be raised in § 974.06 motion).
¶9 The trial court summarily denied Doty's motion on two grounds: (1) Head does not retroactively apply to litigants in collateral proceedings, see State v. Lo, 2003 WI 107, ¶84, 264 Wis. 2d 1, 37-38, 665 N.W.2d 756, 774, and (2) Doty's claims were barred under State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994).

II.
¶10 On appeal, Doty renews his claim that he is entitled to withdraw his guilty plea because his postconviction lawyer was ineffective for not raising the alleged ineffectiveness of his trial lawyer.[1]See State v. Washington, 176 Wis. 2d 205, 213-214, 500 N.W.2d 331, 335 (Ct. App. 1993) (to withdraw plea after sentencing, defendant must show manifest injustice, such as ineffective assistance of counsel). The two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984), applies to challenges to guilty pleas alleging ineffective assistance of counsel. Under that test, a defendant must prove: (1) deficient performance, and (2) prejudice. Id. at 687. To prove deficient performance, the defendant must show specific acts or omissions of counsel that are "outside the wide range of professionally competent assistance." Id. at 690. To satisfy the prejudice aspect, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. State v. Bentley, 201 Wis. 2d 303, 312, 548 N.W.2d 50, 54 (1996).
¶11 Our standard for reviewing this claim involves mixed questions of fact and law. State v. Johnson, 153 Wis. 2d 121, 127, 449 N.W.2d 845, 848 (1990). Findings of fact will not be disturbed unless clearly erroneous. Ibid. The legal conclusions, however, as to whether counsel's performance was deficient and prejudicial, present questions of law. Id., 153 Wis. 2d at 128, 449 N.W.2d at 848. Finally, we need not address both Strickland prongs if the defendant fails to make a sufficient showing on either one. Id., 466 U.S. at 697.
¶12 A trial court must hold an evidentiary hearing on a defendant's ineffective-assistance claim if the defendant alleges facts that, if true, would entitle the defendant to relief. See Bentley, 201 Wis. 2d at 309, 548 N.W.2d at 53. "Whether a motion alleges facts which, if true, would entitle a defendant to relief is a question of law that we review de novo." Id., 201 Wis. 2d at 310, 548 N.W.2d at 53. If, however:
"the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing."
Id., 201 Wis. 2d at 309-310, 548 N.W.2d at 53 (quoted source omitted).
¶13 The nub of Doty's claim is that his trial lawyer was ineffective because the trial lawyer did not tell Doty that unnecessary defensive force (imperfect self-defense) was an affirmative defense to first-degree intentional homicide. Doty recognizes on appeal that Headis not retroactive, but claims that his trial lawyer was ineffective because the lawyer did not tell him about unnecessary defensive force as it existed in 1992, and, as noted, he claims not to have seen Dr. Crowley's report when he entered his guilty plea. Doty contends that but for this omission he would not have pled guilty.
¶14 In 1992, unnecessary defense force (imperfect self-defense) was an affirmative defense to a charge of first-degree intentional homicide under WIS. STAT. § 940.01(2)(b), which provided then, as it does today:
MITIGATING CIRCUMSTANCES. The following are affirmative defenses to prosecution under this section which mitigate the offense to 2nd-degree intentional homicide under s. 940.05:
....
(b) Unnecessary defensive force. Death was caused because the actor believed he or she or another was in imminent danger of death or great bodily harm and that the force used was necessary to defend the endangered person, if either belief was unreasonable.
Unnecessary defensive force had an objective threshold element and two subjective elements. State v. Camacho, 176 Wis. 2d 860, 882-883, 501 N.W.2d 380, 388-389 (1993) (clarifying elements of unnecessary defensive force); State v. Jones, 192 Wis. 2d 78, 85, 106-110, 532 N.W.2d 79, 81, 90-91 (1995) (objective element of Camacho applied retroactively to crime committed under 1991-92 version of the Wisconsin statutes). The objective element required that the defendant show that his or her belief that he or she was preventing or terminating an unlawful interference was objectively reasonable. Camacho, 176 Wis. 2d at 881, 501 N.W.2d at 388 ("We no w make clear that the crime of attempted imperfect self-defense manslaughter does contain an objective threshold element requiring that the defendant reasonably believe that he is preventing or terminating an unlawful interference.").
¶15 In his postconviction motion, Doty pointed to Dr. Crowley's report where, as we have seen, Dr. Crowley opined that Doty's "description of the circumstances have the characteristics of imperfect self-defense," to argue that there was "some evidence" to support a claim of unnecessary defensive force. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (defendant must show substantive claim underlying ineffective-assistance claim is meritorious). We disagree. Dr. Crowley's musing on a legal issue does not satisfy Doty's burden to show facts that if true would establish prejudice under the Strickland analysis, or that his contention that he would not have pled guilty is not a mere "conclusory" assertion condemned by Bentley. See Bentley, 201 Wis. 2d at 309-310, 548 N.W.2d at 53. Indeed, the only part of Dr. Crowley's report that addressed the matter at all is this sentence: "When asked about the circumstances that surrounded the alleged offense, Mr. Doty elaborated some on the nature of his relationship with the victim and [the ex-girlfriend], but the circumstances of the homicide itself were essentially the same as those reported in his amended statement to the police, in which his description of the circumstances have the characteristics of imperfect self-defense." Thus, at the very most, Dr. Crowley's report incorporates what Doty told the police. Doty does not explain how what he told the police establishes facts that if true would satisfy the objective  threshold burden recognized by Camacho. This is critical because Head's non-retroactivity means that Doty's challenge to his lawyer's effectiveness must be viewed under pre-Head law. See Kimmelman, 477 U.S. at 375.
¶16 Doty also relies on a police incident report, which recites that Davis's sister told the police that "when [Davis] drinks he does become somewhat obnoxious and does have a rather abrasive personality," and an exhibit showing that Davis was carrying a utility knife. As with Dr. Crowley's report, neither the assertion by Davis's sister, nor the knife establish a factual underpinning that Doty's lawyer was ineffective under pre-Head law.
By the Court.Order affirmed.
NOTES
[1] Doty also claims that the trial court erred when it determined that his claims were barred under State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), because he had a good reason for not asserting them earlier. We decide the appeal from the trial court's denial of Doty's WIS. STAT. § 974.06 motion on the merits and thus do not discuss Escalona-Naranjo's applicability. See Gross v. Hoffman, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); see also State v. Holland Plastics Co., 111 Wis. 2d 497, 504-505, 331 N.W.2d 320, 324 (1983) (appellate court may address issue raised but not resolved in circuit court where circuit court disposed of the case on a separate basis).