The plaintiff instituted this action to collect a portion of the financial assistance rendered *Page 629 
for the benefit of the former wife[1] of the defendant and for his children under the aid to dependent children[2] and medical assistance programs administered by the commissioner of social services. The complaint alleges the amount of the balance claimed to be unpaid and also alleges that the defendant has received certain sums as his share of the estate of his deceased son and as his fee for serving as administrator of the estate. The defendant filed a plea in abatement claiming that the Superior Court had exclusive jurisdiction of the action because a divorce decree had entered on December 17, 1969, under which he was ordered to pay $10 per week for the support of each of his four children, but no alimony. The plaintiff demurred to the plea in abatement on the ground that the existence of the divorce decree did not deprive the Court of Common Pleas of jurisdiction over this action. The court overruled the demurrer and sustained the plea in abatement. The plaintiff has appealed and has assigned error in overruling the demurrer and in sustaining the plea without affording any opportunity to plead over.
It is apparent that there was error in sustaining the plea in abatement at the same time the demurrer was overruled. "In any civil action, upon the overruling of a demurrer, the party may plead over." Practice Book 113. Once the demurrer was overruled it was essential that an answer be filed before the plea could be ruled upon. Practice Book 95. *Page 630 
The court could not assume the truth of the facts stated in the plea in abatement in the absence of a pleading admitting them.[3]
We also note that the plea in abatement filed by the defendant fails to contain a prayer for judgment as required by the statute. General Statutes52-91; Mitchell v. Smith, 74 Conn. 125, 127; Coughlin v. McElroy, 72 Conn. 444, 448. We have decided to overlook this deficiency, since the ground of the plea involves the jurisdiction of the court over the subject matter and since the plaintiff did not raise it either in the trial court or before this court.
Although there must be a remand because of the procedural error of the trial court in sustaining the plea in abatement before an answer was filed, it would expedite the ultimate disposition of this case to consider the ruling upon the demurrer which has also been assigned as error. The trial court concluded that since the Superior Court has been given exclusive jurisdiction of actions for dissolution of marriage; General Statutes 46-33; and since it would retain that jurisdiction with respect to modification of any of the orders embodied in the decree; General Statutes 46-54; the plaintiff could enforce its claim only by seeking in that court to modify the support orders contained in the decree of divorce entered on December 17, 1969.
Undoubtedly the plaintiff could have sought to modify the divorce judgment upon the ground of a substantial change in the financial circumstances of the defendant, whether or not it may have been a party originally. General Statutes 46-63. There is no legal principle, however, which precluded the use of an ordinary civil action for collection of a *Page 631 
debt. General Statutes 17-83e provides that "the parents of an aid to dependent children beneficiary shall be liable to repay to the state the full amount of any such aid paid to or in behalf of either parent, his spouse, and his child or children." There can be no question of the availability of "the normal civil action for repayment of a debt" to implement the state's right of recoupment created by this statute. Thibeault v. White, 168 Conn. 112, 118. If the state should obtain a judgment upon the cause of action pleaded in the complaint, no conflict with the support orders in the divorce decree would arise any more than if some other creditor were to obtain a judgment against the defendant. Nor is there any conflict with the divorce decree in allowing the state to pursue its claim for reimbursement of sums paid for support of the dependent children of the defendant in excess of the amount he was ordered to pay for their support. Commonwealth, Department of Public Welfare v. Whitebread, 3 Pa. Commw. 429; State Department of Public Welfare v. Sem, 8 Wis.2d 46. The statutory indebtedness of the defendant to the state would not be affected by the divorce decree unless the state were a party at the time of the judgment and that issue were actually litigated. Scott v. Scott,83 Conn. 634, 638. In any event a claim of res judicata or estoppel by judgment would not go to the jurisdiction of the court. Practice Book 120. Maintenance of the present action in the Court of Common Pleas would in no way infringe upon the jurisdiction which remains with the Superior Court by virtue of the divorce decree.
 There is error, the case is remanded to the trial court with direction to sustain the demurrer to the plea in abatement.
PARSKEY, A. ARMENTANO and D. SHEA, Js., participated in this decision.