[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to General Statutes § 4-183, the plaintiff, Gregorio Velez, appeals from the final decision of a fair hearing officer of the CT Page 8124 Department of Social Services ("DSS") upholding the authority of the Department of Administrative Services, Bureau of Collection Services ("DAS") in placing a lien, pursuant to General Statutes §§ 17b-93 and17b-94, against the plaintiffs pending lawsuit brought in Superior Court.
On June 4, 1999, the plaintiff requested a hearing pursuant to General Statutes §§ 17b-60, 17b-61, 4-176e to 4-184 regarding the placing of a lien by DAS. On June 22, 1999, the fair hearing officer made findings of fact, which may be summarized as follows:
1. The plaintiffs former wife[1] Luz Lopez and her two children received public assistance benefits pursuant to the aid to families with dependent children program for the period July 11, 1986 through October 31, 1998.
2. The plaintiff is the father of the two children of Lopez.
3. The total amount paid by DSS to Lopez and the children was $54,835.20.[2]
4. The plaintiff was entitled to a credit for child support payments in the amount of $34,255.
5. Therefore, the net amount of assistance for which DSS is seeking reimbursement is $20,580.20 as of October 31, 1998.
6. The plaintiff has a pending cause of action in Superior Court.
7. On March 2, 1999, DAS[3] notified the plaintiff and his attorney that it was placing a lien on his cause of action pursuant to General Statutes §§ 17b-93 and 17b-94.
(Return of Record ("ROR"), pp. 1-2.)
Based upon these findings, the fair hearing officer concluded that General Statutes §§ 17b-93 and 17b-94 require a parent[4] to reimburse the state for the benefits received and allow a lien to be placed against any cause of action coming into existence. He further concluded that the plaintiff was the father of the two beneficiary children; he was liable for reimbursement to DSS; and, the state properly could place a lien, under the terms of General Statutes § 17b-94, for the lesser of fifty percent of the net proceeds of his cause of action or $20,580.20.
The plaintiff has now questioned the conclusions of the fair hearing CT Page 8125 officer in this appeal.[5] Because the plaintiffs lawsuit is affected by the lien of the state, aggrievement is found.
This court must review the actions of the agency under the test set forth in O'Callaghan v. Commissioner of Social Services, 53 Conn. App. 191,203 (1999):
 Judicial review of the decision of an administrative agency is limited. . . . [W]e must decide, in view of all the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. . . . Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . Burinskas v. Dept. of Social Services, 240 Conn. [141,] 146-47 [(1997)].
(Citations omitted; internal quotation marks omitted.)
The plaintiff first argues in this appeal that he was unaware of the need of his children and that DSS had found the children eligible for a benefit. It is true that in 1986 and again in 1995, the mother of the plaintiffs children applied for and received a benefit from DSS. (ROR, p. 32.) The law is settled, however, that a parent held responsible for reimbursement of the benefit need not know in advance that DSS has allowed the benefit to the children. See State v. Griffiths, 152 Conn. 48,56 (1964) (the parent need not be notified, but retains the right to a hearing at the time collection efforts begin).
Secondly, the plaintiff points to his support obligations under his judgment of dissolution of May 26, 1989 to argue that his compliance with the judgment prevents a state lien. (ROR, pp. 52-54.) In State v.Wellington, 34 Conn. Sup. 628, 631 (1977), the court, faced with a similar issue, found that: "[There is no] conflict with the divorce decree in allowing the state to pursue its claim for reimbursement of sums paid for support of the dependent children of the defendant in excess of the amount he was ordered to pay for their support." That case emphasizes the point that the amount of support as determined by the divorce court is not always the amount needed for the child's welfare as determined by DSS.[6]
CT Page 8126
In State v. Julian, Superior Court, judicial district of Waterbury, Docket No. 067863 (May 24, 1984, Stoughton, J.), the court held that a support order and the granting of DSS benefits were entirely separate issues. The court noted that the liability to pay benefits to the state was not litigated in the earlier divorce action. Similarly, in the present case, at the time of the divorce, the state was not made a party and was not included in the judgment. (ROR, p. 53.) Therefore, the divorce settlement regarding child support is not binding on the state.
The plaintiffs final argument is that the mother of the children lives comfortably and has assets and income, perhaps some not reported, that DSS should review. He suggests that DSS collect from the mother in lieu of seeking payment and placing the lien on his cause of action. General Statutes §§ 17b-93 and 17b-94 provide, however, that both parents are jointly liable to reimburse the state. Peterson v. Norton,395 F. Sup. 1351 (D.Conn. 1975); Cross v. Wilson, 35 Conn. Sup. 628, 633
(1978); Colavolpe v. Department of Social Services, supra, Superior Court, Docket No. 389003 (noting the "state's right to be reimbursed in full by either parent.") Obviously, both parents are responsible for the care of their children and both hold a duty to repay.[7]
Based on the administrative record, the court finds that DSS and DAS are entitled to reimbursement from the plaintiff-parent and accordingly the lien against the pending lawsuit is valid. Therefore, the agency's decision is affirmed and the plaintiffs administrative appeal is hereby dismissed.
Henry S. Cohn, Judge