BACKUS ELECTRIC, INC., Plaintiff-Respondent,

v.

PETRO CHEMICAL SYSTEMS, INC. and Manitowoc
County, c/o Manitowoc County Clerk, Defendants,

OLD REPUBLIC INSURANCE COMPANY,
Surety-Defendant-Appellant.

Court of Appeals

*No. 2011AP3004. Submitted on briefs August 31, 2012.
—Decided February 13, 2013.*

2013 WI App 35

(Also reported in 829 N.W.2d 516.)

On behalf of the surety-defendant-appellant, the cause was submitted on the briefs of *Paul W. Rosenfeldt* of *Edgarton, St. Peter, Petak & Rosenfeldt*, Fond du Lac.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas A. Van Horn*, Manitowoc.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. GUNDRUM, J.   Old Republic Insurance Company appeals from a default judgment entered against it after it failed to timely answer an amended complaint by Backus Electric, Inc. Old Republic argues that, as surety for co-defendant Petro Chemical Systems, Inc. (PCS), it cannot be held liable unless PCS is first found liable on the underlying subcontract between PCS and Backus. Alternatively, Old Republic contends the circuit court failed to properly exercise its discretion when it granted Backus's default judgment motion. We disagree on both points and affirm.

## BACKGROUND

¶ 2.   Backus commenced a contract action against PCS and subsequently filed and served an amended complaint (complaint) naming Old Republic and Manitowoc County as additional defendants. In relevant part,

the complaint alleges: PCS was hired as general contractor to perform work on the Manitowoc County Airport; PCS and Backus entered into a subcontract for Backus to perform electrical work related to the project; PCS and Old Republic entered into a contract in which Old Republic agreed to act as surety for PCS to guaranty PCS's performance and payment for, among other things, amounts due Backus under the subcontract; and PCS wrongfully terminated its subcontract with Backus and denied Backus's requests for payment for work Backus performed. The complaint further alleges PCS, Manitowoc County, and Old Republic owe Backus $25,313.11, and demands judgment against the three, jointly and severally, for that amount.

¶ 3. PCS and Manitowoc County timely answered the complaint. PCS's answer included a denial of allegations related to its liability as well as that of Old Republic. Old Republic did not timely answer, and Backus moved for default judgment against it. Two weeks later, the circuit court held a hearing on the motion. Minutes before the hearing, counsel for Old Republic[1] filed a notice of appearance and a letter contending that "[d]efault judgment may not be granted" because, as a surety, Old Republic's liability "is entirely derivative of the liability of PCS" and PCS had not yet been proven liable. At the hearing, the court considered the parties' arguments, but adjourned the hearing for several weeks to give it time to further consider the arguments and to review case law cited by Old Republic.

¶ 4. Between the first and second hearing, and weeks after the deadline for timely answering the

---

[1] The same attorney represents PCS and Old Republic.

complaint, Old Republic filed an answer, without moving for an extension of time to do so. Backus moved to strike the answer. At the conclusion of the second hearing, the circuit court implicitly struck Old Republic's answer and granted Backus's motion for default judgment. The court entered judgment against Old Republic for the amount demanded in the complaint. Old Republic appeals. Additional facts are set forth as necessary.

## DISCUSSION

¶ 5.   Old Republic acknowledges it is in default, but contends the circuit court nonetheless erred in entering judgment against it because, as surety for PCS, its liability is entirely derivative of PCS's liability, and, therefore, it cannot be found liable to Backus unless PCS is first found liable. Related to this argument, Old Republic suggests that, even though it failed to file a timely answer on its own behalf, default judgment should not have been entered against it because PCS's answer denied both PCS's liability and that of Old Republic. Old Republic alternatively contends that even if it was subject to default judgment, the court erroneously entered judgment because it failed to properly exercise its discretion.

¶ 6.   Backus responds that the issue is not one of derivative liability but rather one of default—Old Republic was required to file its own timely answer to the complaint, and it did not do so. Backus also points out that Old Republic has never moved for an extension of time to properly file its answer. Quoting heavily from our supreme court's decision in *Estate of Otto v. Physicians Insurance Co. of Wisconsin,* 2008 WI 78, 311

Wis. 2d 84, 751 N.W.2d 805, Backus argues that (1) "the effect of a defendant's default is to make available the remedy of a judgment by default" and (2) there is no exemption "as a matter of law from the provisions of the default judgment statute" for a surety who has not joined issue as it was statutorily required to do. *See id.*, ¶¶ 49, 50. We agree with Backus that the issue is one of default and conclude the circuit court did not err in granting default judgment against Old Republic.

■■

¶ 7.   Whether to grant a motion for default judgment is addressed to the sound discretion of the circuit court. *Id.*, ¶ 29. In reviewing a court's decision, however, we decide independently questions of law imbedded in its exercise of discretion. *Id.* Here, Old Republic's contention that it cannot be held liable unless the underlying principal, PCS, is first found liable is a question of law. Our supreme court's interpretation of relevant statutes in *Otto* answers this question.

¶ 8.   *Otto* involved a medical malpractice complaint against a professional liability insurer and its co-defendant insureds in which the insurer failed to timely answer the complaint. The insureds, however, did timely answer, denying their own liability and that of the insurer. Arguing against default judgment, the insurer contended that, despite its own default, it remained entitled to a trial on the issue of its and its insureds' liability to the plaintiff because its insureds' timely answer included a denial of the insurer's liability. *Id.*, ¶ 12.

¶ 9.   In affirming the circuit court's grant of default judgment against the insurer, the *Otto* court thoroughly analyzed statutory provisions also applicable to the present case; thus we need not repeat the

analysis. Reviewing WIS. STAT. §§ 802.02 (2011–12)[2] (governing pleadings)[3] and 806.02 (governing default judgment),[4] the *Otto* court concluded that, with limited exceptions not applicable here, averments in a com-

[2] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[3] As noted by the court in *Estate of Otto v. Physicians Insurance Co. of Wisconsin*, 2008 WI 78, ¶ 51, 311 Wis. 2d 84, 751 N.W.2d 805, WIS. STAT. § 802.02 provides, in relevant part:

(2) DEFENSES; FORM OF DENIALS. A party shall state in short and plain terms the defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If the party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. The pleader shall make the denials as specific denials of designated averments or paragraphs, but if a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder.

. . . .

(4) EFFECT OF FAILURE TO DENY. Averments in a pleading to which a responsive pleading is required, other than those as to the fact, nature and extent of injury and damage, are admitted when not denied in the responsive pleading, except that a party whose prior pleadings set forth all denials and defenses to be relied upon in defending a claim for contribution need not respond to such claim. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

[4] The *Otto* court noted as relevant, the following provisions of WIS. STAT. § 806.02:

(1) A default judgment may be rendered as provided in subs. (1) to (4) if no issue of law or fact has been joined and if the time for joining issue has expired. Any defendant appearing in an action shall be entitled to notice of motion for judgment.

(2) After filing the complaint and proof of service of the summons on one or more of the defendants and an affidavit that the defendant is in default for failure to join issue, the plaintiff may move for judgment according to the demand of the complaint. If the amount of money sought was excluded from the demand for

plaint are deemed admitted when not denied by a defendant in an answer. *Otto*, 311 Wis. 2d 84, ¶¶ 42, 47–49, 54–56. The court further clarified that a party must answer on its own behalf; it will not suffice to avoid default judgment that another party has denied liability on behalf of a nonanswering defendant. *Id.*, ¶¶ 48–49, 53–54, 120.

¶ 10.    The *Otto* court also concluded that Wis. Stat. §§ 802.06(1) (stating that "a defendant *shall* serve an answer within [specifying times] . . . .") and 802.09(1) (stating that "[a] party *shall* plead in response to an amended pleading within [specifying times] . . . .") establish that a defendant has an "unequivocal duty to serve its answer timely to the complaint served against it." *Otto*, 311 Wis. 2d 84, ¶ 56 & n.28 (emphases in *Otto*). The court further recognized the importance of these provisions by reiterating that "[c]ourts ought to have authority to impose a serious sanction" for failure to timely answer a complaint. *Id.* (quoting *Split Rock Hardwoods, Inc. v. Lumber Liquidators, Inc.*, 2002 WI 66, ¶ 29, 253 Wis. 2d 238, 646 N.W.2d 19).

¶ 11.    The *Otto* court drew heavily from an earlier case involving an insurer's default, *Martin v. Griffin*, 117 Wis. 2d 438, 344 N.W.2d 206 (Ct. App. 1984). The *Martin* court held that by failing to answer a complaint, a party forfeits "its opportunity to argue issues of liability and the respective obligations" of other parties to the suit. *Id.* at 444. The *Martin* court further held

judgment, as required under [Wis. Stat. §] 802.02(1m), the court shall require the plaintiff to specify the amount of money claimed and provide that information to the court and to the other parties prior to the court rendering judgment. If proof of any fact is necessary for the court to give judgment, the court shall receive the proof.

*Otto*, 311 Wis. 2d 84, ¶ 45.

that the "existence of a meritorious defense . . . is insufficient by itself to entitle a defaulting party to relief from judgment." *Id.*

¶ 12. Old Republic attempts to distinguish this case from *Otto*[5] because *Otto* involved an insurance company, not a surety, and the insurance company could be directly sued under the direct action statute, WIS. STAT. § 632.24. While it is true *Otto* involved the direct action statute and this case does not, the distinction is of no import because the *Otto* court's interpretations of the relevant statutes were of general application and were in no way limited to insurer-insured cases. *Otto*; 311 Wis. 2d 84, ¶¶ 48–50, 52–56. The court emphasized: "Significantly, the default judgment statute provides no circumstances in which a party is in default and yet is exempt as a matter of law from the provisions of the default judgment statute." *Id.*, ¶ 50. The *Otto* court left no room to exempt sureties from application of the default judgment provisions.

¶ 13. Here, Old Republic did not file a timely answer or move for an extension of time to make its untimely answer timely. It cannot contest liability when it has no valid answer putting liability in issue. *See Martin*, 117 Wis. 2d at 444. Further, without an answer, Old Republic necessarily is deemed to have admitted the allegations in the complaint that: PCS and Backus entered into a subcontract for Backus to perform electrical work; PCS and Old Republic entered into a contract in which Old Republic agreed to act as surety for PCS to guaranty PCS's performance and payment for, among other things, amounts due Backus under the subcontract; PCS wrongfully terminated the subcon-

---

[5] Despite Backus's significant reliance in its response brief upon *Martin v. Griffin*, 117 Wis. 2d 438, 344 N.W.2d 206 (Ct. App. 1984), Old Republic makes no reference to the case in its reply.

tract with Backus and denied Backus's requests for payment for work Backus performed; PCS "owes [Backus $25,313.11]" related to Backus's work; and "as surety for [PCS], Old Republic . . . owes [Backus $25,313.11]" related to Backus's work. *See Otto*, 311 Wis. 2d 84, ¶ 42, 47–49, 54–56, 73.

¶ 14. Old Republic argues that, as a surety, its liability is solely derivative of PCS's liability and thus it cannot be held liable unless or until PCS is found liable. But, for purposes of the default judgment motion, and as a result of its failure to timely answer, Old Republic admitted the allegations necessary for it to be held liable, including the allegations of PCS's liability. As a matter of law, Old Republic's surety status does not save it from default judgment.

■

¶ 15. Old Republic alternatively argues that the circuit court failed to properly exercise its discretion in granting Backus's motion for default judgment. It points to comments the court made suggesting the court believed it was *required* to grant default judgment and also complains that the court failed to consider options "short of" default judgment.

■

¶ 16. We will reverse a default judgment only if the circuit court erroneously exercised its discretion in granting such a motion. *Martin*, 117 Wis. 2d at 442. Default judgments are disfavored; however, "[e]ven if the evidence favoring a default judgment is slight . . . an appellate court should affirm unless it was impossible for the [circuit] court to grant the judgment in the exercise of its discretion." *Id.* If a circuit court fails to make a sufficient record of its reasoning, "an appellate court may examine the record to determine whether the facts support the [circuit] court's decision." *Id.* at 443.

677

¶ 17. Here, the circuit court adjourned the first hearing on Backus's default judgment motion to give it more time to consider Old Republic's arguments and cited case law. It did so despite the fact Old Republic had not filed an answer, had not moved for an extension of time to timely do so, and only filed its letter of objection and notice of appearance minutes before the hearing, even though Backus had filed its default judgment motion two weeks earlier. Following the first hearing, and weeks after it was due, Old Republic filed an answer, but again failed to move for an extension of time to make its untimely answer timely.

¶ 18. At the second hearing, the court considered Old Republic's arguments and cited cases. Old Republic correctly points out that the court made comments which could be interpreted as the court's mistaken belief that it was required to enter a default judgment against Old Republic due to Old Republic's failure to answer; however, the court also made comments indicating its awareness that it had discretion in whether or not to grant default judgment.[6] More importantly, other comments by the court indicate its thoughtful consideration, but rejection, of Old Republic's request that it exercise its discretion by not holding Old Republic liable until the principal, PCS, is proven liable:

> If I were to accept Old Republic's argument, surety companies would never have to answer complaints, essentially, and then they could just stand back and say,

---

[6] The circuit court stated: "A default judgment *is to be granted* if there isn't an issue between the parties because issue hasn't been joined by an answer," and "If there hasn't been an answer filed, that the plaintiff is *entitled* to judgment from the defendant, Old Republic." (Emphasis added.) The court also stated: "[T]he default judgment statute ... essentially provides that the Court *may* ... enter a judgment if no issue of fact has been joined." (Emphasis added.)

well, we're not liable until our principal is liable. But the matter . . . needs to be put in dispute. That is, the relationship and the terms and conditions of any contract between a principal and the surety should be properly before the Court. The plaintiff sued. The surety company didn't place in issue the contract and the rights and obligations that they allege are important. And the plaintiff claims that Old Republic has guaranteed payment and they're entitled to the twenty-five thousand odd dollars that they want.

¶ 19.   At both hearings, Old Republic stood before the court without a valid answer to the complaint and without making any attempt to make its untimely answer valid. As we have already discussed, without an answer, Old Republic necessarily admitted the allegations in the complaint. Furthermore, aside from its general contention that the court should not have awarded any damages unless and until PCS's liability had been proven, in arguing against default judgment Old Republic did not dispute the specific amount claimed by Backus under its contract with PCS.

¶ 20.   Lastly, Old Republic complains that the circuit court did not consider options "short of" default judgment, such as denying Old Republic standing and the right to participate in the trial. However, Old Republic never suggested to the circuit court that it should consider such alternatives. The circuit court did not err by failing to consider options Old Republic never presented to it.

¶ 21.   Based on the above, we conclude the circuit court properly exercised its discretion in granting Backus's motion for default judgment.

*By the Court.*—Judgment affirmed.