# COURT OF APPEALS
# DECISION
# DATED AND FILED

## April 25, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1678**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021TP2

**IN COURT OF APPEALS
DISTRICT III**

---

IN RE THE TERMINATION OF PARENTAL RIGHTS TO M. B.,
A PERSON UNDER THE AGE OF 18:

PRICE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

   PETITIONER-RESPONDENT,

 V.

T. L.,

   RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Price County: ANN KNOX-BAUER, Judge. *Affirmed*.

¶1 STARK, P.J.[1] Tad[2] appeals an order terminating his parental rights (TPR) to Malcom. Tad argues that the circuit court erroneously exercised its discretion by failing to consider his incarceration, indigency status, and alleged lack of notice prior to entering a default judgment against him in the grounds phase of the TPR proceedings, and by denying his subsequent motions to vacate the default judgment on these grounds. We agree with the Price County Department of Health and Human Services, however, that Tad forfeited these arguments by failing to raise them in the circuit court.

¶2 Tad also argues that the circuit court erroneously exercised its discretion by conflating two legal standards when evaluating and denying his original motion to vacate the default judgment. We disagree and conclude that the court applied the correct standard in denying Tad's requested relief. We therefore affirm the court's order.

## BACKGROUND

¶3 Malcom was born to Danielle in May 2020, and he was immediately placed in a foster home due to concerns about Danielle's alcohol and drug abuse.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Cases appealed under WIS. STAT. RULE 809.107 are "given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply." *See* RULE 809.107(6)(e). Conflicts in this court's calendar have resulted in a delay. It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case. *See* WIS. STAT. RULE 809.82(2)(a); **Rhonda R.D. v. Franklin R.D.**, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995). Accordingly, we extend our deadline to the date this decision is issued.

[2] For ease of reading, we refer to the appellant, the mother, and the child in this confidential matter using pseudonyms, rather than their initials.

Malcom was adjudicated to be a child in need of protection or services (CHIPS) in July 2020. At the time of Malcom's birth, the identity of his biological father was unconfirmed.

¶4 In October 2021, a guardian ad litem (GAL) was appointed for Malcom, and the County filed a TPR petition, alleging that Tad or three other possible unknown men were Malcom's father.[3] As relevant here, the County alleged that Tad had "failed to assume parental responsibility" for Malcolm and sought termination of his rights under WIS. STAT. § 48.415(6). At the time of the petition, Tad had not been adjudicated Malcom's father, nor had any declaration of parental interest been filed with the State of Wisconsin.

¶5 An initial hearing was scheduled for October 29, 2021. On October 15, 2021, Tad was personally served at the Sheboygan County Detention Center with a summons and petition containing notice of the initial hearing. The initial hearing was subsequently rescheduled for November 12, 2021, because Danielle moved for judicial substitution. On November 5, 2021, a notice of the rescheduled hearing and summons was published in the Sheboygan Press, listing Danielle as the mother and calling for all alleged fathers to appear. On November 8, 2021, Tad was personally served with an amended summons and notice containing Zoom instructions for the rescheduled hearing.

¶6 Tad did not appear in person or by counsel at the November 12, 2021 hearing. At that hearing, the County informed the circuit court that Tad was served with the original summons and petition on October 15,

---

[3] The County also petitioned to terminate Danielle's parental rights to Malcom. Danielle's parental rights are not at issue in this appeal.

3

2021, and with the amended summons on November 8, 2021, both at the Sheboygan County Detention Center. The court found that Tad was given notice of the hearing, that he was currently in custody, and that the court and the other parties had not heard from him. The court further noted that it had not "heard anything from the [correctional] facility about setting up some kind of remote appearance" or heard any objection from Tad. The court found Tad in default as to the grounds phase of the TPR proceedings. Regarding other potential fathers, the court found that they had proper notice through publication and, therefore, found any other potential fathers in default as well.

¶7    In March 2022, Tad was appointed counsel. On April 12, 2022, a day before a scheduled dispositional hearing for Danielle, Tad filed a motion to vacate his default judgment in the interest of justice. Tad argued that although he had been "properly served[,] arrangements were not made for him to appear while incarcerated." He asserted that he was "unable to appear without the assistance of Sheboygan County Detention Center staff," and he was "not afforded the opportunity to appear and should not be held in default for his failure to appear."

¶8    At an April 2022 hearing on Tad's motion, Tad's lawyer referenced the November 12 hearing and stated that Tad "knew there was a hearing but … he was not brought anywhere to have the hearing." Both the County and the GAL opposed Tad's motion, and the GAL noted that it was in Malcom's best interest to finalize the case. The circuit court scheduled a second hearing in May 2022 to allow the County and the GAL time to submit written responses to Tad's motion.

¶9    At the subsequent hearing, the circuit court denied Tad's motion to vacate his default judgment. The court stated that in seeking to reopen the default judgment, Tad had the burden to prove either "excusable neglect" or "that [Tad]

4

honestly wanted and diligently sought an opportunity to participate in the case." The court then found that Tad had not satisfied either standard.

¶10 The circuit court recognized that the arrangements for Tad to appear at the November 12 hearing fell through, but it also observed that Tad failed to contact anyone after his failure to appear. The court noted that it was "very mindful" that this was a TPR case and that it deserved special attention. Nonetheless, it determined that Tad did not act promptly after he failed to appear at the initial hearing, instead filing his motion to vacate approximately 180 days from being served. The court therefore determined that even if it assumed that Tad's failure to appear at the initial hearing was due to the Sheboygan County Detention Center staff's failure to assist Tad, his actions were not those of a reasonable person who honestly and diligently wanted to be involved in the case.

¶11 The circuit court found that a reasonable person would have tried to contact the court or someone involved in the proceedings earlier. Tad offered no reason for his delay in seeking to vacate the default judgment. He provided no evidence as to when he sought the assistance of counsel. Tad did not allege that he was unable to communicate with the court or the GAL after the November 12 hearing. To the contrary, the County noted that in the underlying CHIPS action involving Malcom, Tad submitted a letter to the court asking to be involved, thus showing the court that Tad was capable of writing a letter and sending it to the court when he was interested in participating in a case.

¶12 In considering whether the default judgment would impose an excessive result and whether relief from the judgment was necessary to prevent a miscarriage of justice, the circuit court noted that Tad had never seen Malcolm, never cared for him, never inquired about him, nor had Tad ever supported

Malcom, and therefore the default judgment did not impose excessive consequences. The court further explained that Tad was aware that he had the opportunity to establish a meritorious defense in this action but he chose not to do so.

¶13 Lastly, the circuit court determined that Malcom was entitled to a speedy disposition, that he deserved permanence, and that vacating the default judgment was not in Malcom's best interest. The court denied Tad's motion to vacate the default judgment but stated that Tad would be allowed to present evidence at the dispositional hearing.

¶14 A rescheduled dispositional hearing was held in June 2022. Tad testified that while he was incarcerated, he underwent a paternity test showing that he is Malcom's biological father. Tad also testified that he was recently released from prison, and while he was incarcerated, he wrote two to three letters to Malcom. Tad nevertheless conceded that it was accurate to say that he did not have a relationship with Malcom.

¶15 In a written order, the circuit court terminated Tad's parental rights to Malcom. The court noted that "[Tad] had ample time to make efforts to see the child, care for him, support him and establish paternity." The court further noted that Tad chose to wait until the child was one year old to undergo paternity testing. The court concluded that it was in Malcom's best interests for Tad's parental rights to be terminated.

¶16 In September 2022, Tad appealed. This court granted Tad's motion to remand the matter to the circuit court to allow Tad to file a second motion to vacate the default judgment. In Tad's second motion to vacate the default judgment, Tad argued that the court erroneously exercised its discretion by failing

6

to take evidence in support of the grounds to terminate his parental rights at the November 12 hearing before finding Tad in default. The court denied that motion, finding that Tad was not prejudiced by the court's "failure to take testimony at the default judgment stage of the proceedings," and the matter was then returned to this court.

## DISCUSSION

### I. Default Judgment

¶17 Tad argues that the circuit court erroneously exercised its discretion by entering a default judgment against him. A default judgment may be rendered if no issue of law or fact has been joined on any claim asserted in a complaint and if the time for joining issue has expired. *See* WIS. STAT. § 806.02(1); *see also* ***Steven V. v. Kelley H.***, 2004 WI 47, ¶44 n.7, 271 Wis. 2d 1, 678 N.W.2d 856 (the civil procedure code applies to all civil actions in Wisconsin, including TPR cases, unless a different procedure is prescribed). While "[d]efault judgments are disfavored[,]" we will "reverse a default judgment only if the circuit court erroneously exercised its discretion in granting such a motion." ***Backus Elec., Inc. v. Petro Chem. Sys., Inc.***, 2013 WI App 35, ¶16, 346 Wis. 2d 668, 829 N.W.2d 516.

¶18 On appeal, Tad argues that the circuit court erroneously exercised its discretion by finding him in default because the court failed to consider Tad's limitations due to his custodial status, his indigency, and his lack of sufficient notice of the November 12 hearing. Specifically, Tad asserts that the court should have considered his incarceration status, including his dependence on the Sheboygan County Detention Center staff to produce him for any hearing and his inability to independently appear at the hearing through his own efforts. Tad

acknowledges that the parties and the court discussed his incarceration at the November 12 hearing. However, none of the parties or the court had any knowledge that the detention center staff would fail to produce Tad for that hearing.

¶19    Tad also alleges that the circuit court should have considered that he was indigent, and how that status might have affected his ability to communicate with others outside of the detention center. Based on his indigency, he could not contact the court at the time of the November 12 hearing to advise that the detention center staff was not producing him for the hearing.

¶20    Tad further argues that the circuit court did not examine relevant facts pertaining to Tad's notice of the hearing. Tad contends that he received only three business days' notice prior to the rescheduled hearing, in violation of WIS. STAT. § 48.42(4)(a). *See id.* ("[A] copy of the summons and petition shall be served personally upon the parties … if known, at least 7 days before the date of the hearing."). Tad further alleges that this short notice hindered his ability to obtain counsel and to prepare for the hearing.

¶21    The County argues that Tad raises these arguments for the first time on appeal, and has therefore forfeited them. "Forfeiture is the failure to make the timely assertion of a right."[4] *State v. Counihan*, 2020 WI 12, ¶25, 390 Wis. 2d 172, 938 N.W.2d 530. "As a general rule, issues not raised in the circuit court will

---

[4] In reply, Tad argues that "this court should not apply the doctrines of waiver or forfeiture." "Although cases sometimes use the words 'forfeiture' and 'waiver' interchangeably, the two words embody very different legal concepts." *State v. Ndina*, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612. "[F]orfeiture is the failure to make the timely assertion of a right," whereas "waiver is the intentional relinquishment or abandonment of a known right." *Id.* This appeal involves forfeiture, rather than waiver.

not be considered for the first time on appeal." ***State v. Dowdy***, 2012 WI 12, ¶5, 338 Wis. 2d 565, 808 N.W.2d 691. Applying the forfeiture rule allows the "circuit court to avoid or correct any error as it comes up, with minimal disruption of the judicial process and maximum efficiency." ***Counihan***, 390 Wis. 2d 172, ¶26. Upholding the rule allows both the court and the parties notice of an issue and fair opportunity to address the issue. *See **State v. Ndina***, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612. The "forfeiture rule is one of judicial administration, and appellate courts have the authority to ignore forfeiture when a case presents an important recurring issue." ***Townsend v. Massey***, 2011 WI App 160, ¶23, 338 Wis. 2d 114, 808 N.W.2d 155 (rejecting the proposition that the merits of new legal arguments must be addressed if the arguments somehow relate to issues that were raised before the circuit court).

¶22 We agree with the County that Tad has forfeited his right to our review of these issues. He did not raise any of these issues in the circuit court, despite having the opportunity to do so as part of his two motions to vacate the default judgment. *See **Counihan***, 390 Wis. 2d 172, ¶25; ***Dowdy***, 338 Wis. 2d 565, ¶5. The County correctly notes that in each of Tad's two motions to vacate the default judgment, Tad raised only one issue. Both of these issues have since been abandoned on appeal. *See **A.O. Smith Corp. v. Allstate Ins. Cos.***, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) (concluding issues raised in the circuit court but not raised on appeal are to be deemed abandoned).

¶23 In response to the County's forfeiture argument, Tad argues that the issue of whether the circuit court erroneously exercised its discretion in granting the default judgment against him was previously before the court when it granted the default judgment and when it considered both of his motions to vacate. Therefore, Tad contends that he has not violated the forfeiture rule raising

additional arguments for the first time on appeal regarding the court's discretionary decision to grant default judgment.

¶24 In support of this argument, Tad cites to *State v. Holland Plastics Co.*, 111 Wis. 2d 497, 331 N.W.2d 320 (1983), a case in which the parties argued in the circuit court over the applicability of a statute of limitations and whether it barred the State's claims. *Id.* at 504-05. In that case, the circuit court decided that a ten-year statute of limitations applied, rather than a six-year statute of limitations relied upon by Holland Plastics, and that the State's claim was therefore not time barred. *Id.* at 501.

¶25 On appeal, Holland Plastics argued that the State had forfeited the opportunity to argue that even if the six-year statute applied, the case was not time barred. *Id.* at 504. Our supreme court disagreed. The court determined that the forfeiture doctrine did not bar the State's alternative argument regarding the shorter statute of limitations because applicability of that shorter limitation period had been raised in the circuit court, and the State merely raised an additional related argument on appeal. *Id.* at 505. Tad argues that similar to *Holland Plastics Co.*, the circuit court here considered whether to vacate the default judgment on other grounds, and he therefore should be permitted to raise additional arguments in support of his claim that the court erred by failing to vacate the default judgment.

¶26 *Holland Plastics Co.*, however, is materially distinguishable. In that case, the circuit court had previously addressed the applicability of the very statute of limitations that was raised again as an issue on appeal. *Id.* at 501, 505. Here, Tad's three arguments on appeal regarding the court's exercise of discretion in granting the default judgment were not raised or considered by it at any hearing.

Tad's arguments on appeal challenging the default judgment are not legally or factually related to the arguments he raised in the circuit court. In fact, as noted above, the two issues previously raised in support of his motion to vacate the default judgment have been abandoned on appeal. The mere fact that the court previously considered Tad's motion to vacate the default judgment on other grounds does not overcome the general rule against raising issues for the first time on appeal. *See Townsend*, 338 Wis. 2d 114, ¶23; *Holland Plastics Co.*, 111 Wis. 2d at 504.

¶27 Tad also argues that this court should ignore his forfeiture because this case implicates his fundamental interest in parenting his child and the interests of justice compel a decision on the merits. We decline to do so. Tad had multiple opportunities to raise these issues in the circuit court, including in his April 2022 motion to vacate, at the hearing on that motion held in May 2022, and in his second motion to vacate filed in October 2022. Further, each of the issues Tad claims the court erroneously exercised its discretion by failing to consider—i.e., the limitations placed on Tad by his custodial status, his indigency, and the lack of sufficient notice of the November 12 hearing—requires a factual basis in the record, one that Tad failed to create in the circuit court. Had he done so, the circuit court would have been allowed "to avoid or correct any error as it [came] up, with minimal disruption of the judicial process and maximum efficiency." *See Counihan*, 390 Wis. 2d 172, ¶26. The record is insufficient for us to address Tad's claims.

¶28 We are also mindful that this is a TPR action. The circuit court found that Malcolm deserved permanence. In light of the time sensitive nature of this action, we are unwilling to overlook Tad's failure to raise his current arguments in the circuit court.

11

## II. Motion to Reopen

¶29    Tad also argues that the circuit court erroneously exercised its discretion by denying his first motion to vacate the default judgment because the court conflated two different standards of law that potentially applied to his request for relief.[5]  The parties appear to agree, and we therefore assume without deciding, that the correct standard the court should have used in deciding Tad's motion is provided in *Chester B. v. Larry D.*, Nos. 2011AP925 and 2011AP926, unpublished slip op. (WI App Nov. 2, 2011).[6]  This standard requires that when reviewing whether to vacate a default judgment, the court should determine "whether [a] parent has shown that he or she honestly wanted and diligently sought the opportunity to participate in the proceedings."  *Id.*, ¶14.  Tad argues that because the court evaluated his actions under the excusable neglect standard, the court did not properly evaluate his actions under the lesser *Chester B.* standard.  *See Williams Corner Invs., LLC v. Areawide Cellular, LLC*, 2004 WI App 27, ¶12, 269 Wis. 2d 682, 676 N.W.2d 168 (excusable neglect is neglect that could have been the act of a reasonably prudent person under the same circumstances).

¶30    The County and the GAL both correctly assert that the circuit court considered the motion under both standards and concluded that neither standard was met.  We conclude that the mere fact that, while deciding Tad's motion, the

---

[5] As noted above, in Tad's second motion to vacate he argued that the circuit court had erroneously exercised its discretion by ordering the default judgment against him before taking evidence in the grounds phase.  Tad abandons this argument on appeal.

[6] Unpublished opinions authored by a single judge and issued on or after July 1, 2009, may be cited for their persuasive value.  *See* WIS. STAT. RULE 809.23(3)(b).

court considered the elements of excusable neglect as well as the *Chester B.* standard does not constitute an erroneous exercise of discretion, and Tad cites no authority in support of that claim.

¶31     Regardless of whether the circuit court found that Tad failed to act as a reasonable person under the circumstances, the record amply supports the court's finding that Tad did not show that he "honestly wanted and diligently sought the opportunity to participate in the proceedings."  *See Chester B.*, Nos. 2011AP925 and 2011AP926, ¶14.  The court noted that Tad failed to contact the court for 180 days after he was served with notice of the November 12 hearing and failed to appear at it (for which Tad acknowledged he had proper notice).  In addition, Tad did not seek to establish paternity of Malcom until one year after his birth.  Overall, we conclude that the court did not erroneously exercise its discretion by finding that Tad did not honestly and diligently seek to participate in the proceedings.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.